SONIA MARTIN (SBN 191148)
DENTONS US LLP
1999 Harrison Street
Suite 1300
Oakland, CA 94612
Telephone: 415 882 5000
Facsimile: 415 882 0300
Email: sonia.martin@dentons.com

MEKA MOORE (SBN 180017)
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025
Telephone: 310 445 0800
Facsimile: 310 473 2525
Email: mmoore@selmanlaw.com

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLE FLEURS INC., a Corporation; and MISTER BERTRAND LLC dba BERTRAND LLC dba BERTRAND AT MISTER A'S;<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, a Corporation; and DOES 1 through 25;<br><br>Defendants. | No. **'21CV1096 LAB AGS**<br><br>NOTICE OF REMOVAL OF A CIVIL ACTION |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), Nationwide Mutual Insurance Company hereby removes to this Court the action

-1-

CASE NO.   NOTICE OF REMOVAL OF CIVIL ACTION

US_Active\118344866\V-4

described below and respectfully submit the following statement of grounds for removal:

### THE SUPERIOR COURT ACTION

1. On May 4, 2021, Plaintiffs Mille Fleur Inc., and Mister Bertrand LLC dba Bertrand at Mister A's ("Plaintiffs"), commenced an action in the Superior Court of California in San Diego County titled *"Mille Fleurs, Inc., a Corporation; and Mister Bertrand LLC dba Bertrand at Mister A's v. Nationwide Mutual Insurance Company, a Corporation; and DOES 1 through 25,"* Case No. 37-2021-00019740-CU-IC-CTL (the "Superior Court Action").

2. In their Complaint in the Superior Court Action, Plaintiffs allege that they own, operate, manage, and/or control the restaurants Mille Fleurs and Bertrand Mister A's in San Diego, California. (Compl., Parties ¶ 1.)[1] Bertrand at Mister A's also has an accompanying office space located in San Diego, California. (Compl., Factual Background ¶ 1.) The two restaurants and office space are collectively referred to as "subject properties." Plaintiffs allege that they were required to suspend their operations as a result of government orders, which were issued to mitigate the spread of COVID-19. (*Id.*, ¶ 30.) Plaintiffs allege that they are entitled to coverage for lost business income resulting from the closure. (Id., ¶¶ 34-35.) Plaintiffs further allege that Nationwide wrongfully denied coverage. (Id., ¶¶ 37, 43, 54.)

### SERVICE

3. Plaintiffs served the summons and complaint in the Superior Court Action on Nationwide's agent of service on May 13, 2021. Attached as Exhibit A are true and correct copies of all pleadings and documents on file in the Superior Court Action.

---

[1] The numbering in Plaintiffs' Complaint restarts at 1 under the "Parties" heading. Nationwide will use the same numbering as Plaintiffs for the Court's convenience.

-2-

CASE NO.         NOTICE OF REMOVAL
                 OF CIVIL ACTION

US_Active\118344866\V-4

## DIVERSITY OF CITIZENSHIP

4.  Nationwide was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. (Compl., Parties ¶ 2.)

5.  None of the plaintiffs is or has been an Ohio citizen. Plaintiffs Mille Fleurs, Inc. and Mister Bertrand, LLC dba Bertrand at Mister A's, were, at the time of filing of the Superior Court Action, and at all relevant times have been, authorized to do business in the State of California, County of San Diego. (Parties., ¶ 1.)

6.  Mille Fleurs, Inc. was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of California, with its principal place of business in California.

7.  At all relevant times, including but not limited to now and at the time of filing the Superior Court Action, Mister Bertrand, LLC dba Bertrand at Mister A's has had two member/owners. Bertrand Hug has been and is the majority member/owner and managing member, and was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been a resident and citizen of California.[2] The other member/owner has been and is FAFC, Inc., which was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of California, with its principal place of business in California.

8.  For the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of its place of incorporation and the location of its principal place of business. *Gallo v. Allstate Ins. Co.*, No. 93-56484, 1994 U.S. App. LEXIS 17223,

---

[2] The Statement of Information filed with the California Secretary of State contains a scrivener's error and identifies Bertrand Hug as Bertrand Huo.

-3-

CASE NO.

NOTICE OF REMOVAL OF CIVIL ACTION

US_Active\118344866\V-4

*5 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)). Whereas, "[l]imited liability companies are citizens of all states of which their members are citizens." *Overholt v. Airista Flow, Inc.*, No. 17cv1337-MMA (AGS), 2018 U.S. LEXIS 4705, *9 (S.D. Cal. Jan. 10, 2018) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). "[A]n individual is a citizen of the state in which he or she is domiciled." *Overholt*, 2018 U.S. LEXIS 4705, *9 (citing *Gilbert v. David*, 235 U.S. 561, 565-71, 35 S. Ct. 164, 59 L. Ed. 360 (1915) (then citing *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981)). Accordingly, Mille Fleurs, Inc. and Mister Bertrand are citizens of California.

9. Plaintiffs and Defendant, accordingly, are citizens and residents of different states.

10. "Doe" defendants must be disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

### AMOUNT IN CONTROVERSY

11. In the Superior Court Action, Plaintiff seeks compensatory damages and general damages for alleged unpaid policy benefits. (Compl., Prayer for Relief ¶¶ 1-2.)

12. In their insurance application(s) for the period November 18, 2019 through November 18, 2020, Mille Fleurs reported total annual sales of $2,293,697, and Mister Bertrand reported total sales of $6,559,038. Accordingly, Plaintiffs' estimated total monthly sales prior to the pandemic were approximately $191,141 and $546,586, respectively.

13. Plaintiffs seek insurance coverage for alleged lost business income that occurred when they ceased business operations in March 2020 in response to stay-at-home orders issued by local and state governments. (Compl., ¶¶ 22-31, 34; *see also id.*, Ex. 2-5.) Plaintiffs allege "the pandemic continuing, and there continue to be orders issued at both the state and local level." (*Id.*, ¶ 28.)

-4-

CASE NO.   NOTICE OF REMOVAL OF CIVIL ACTION

US_Active\118344866\V-4

Likewise, the January 14, 2021 Afirm General Liability/Physical Audit of Plaintiffs' business operations confirms they were closed for several months during 2020 alone. Given Plaintiffs' estimated *monthly* sales prior to the pandemic of approximately $191,141 and $546,586, respectively, their claim for lost business income exceeds the $75,000 amount in controversy.

14. Plaintiffs also seek attorneys' fees and punitive damages. (*Id.*, Prayer for Relief, ¶¶ 5-6.) Although Nationwide believes there is no basis to award attorneys' fees or punitive damages in this case, such requests for relief must be considered in determining the amount in controversy. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 451 (S.D. Cal. 1995).

15. Accordingly, the amount in controversy in the Superior Court Action exceeds $75,000, exclusive of interest and costs.

### ORIGINAL JURISDICTION

16. The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that Plaintiffs and Nationwide are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. The case is therefore one that Nationwide may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446. The removal is effected within thirty days of service of the complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

WHEREFORE, Nationwide hereby give notice that this action has been removed, in its entirety, from the San Diego Superior Court to the United States District Court for the Southern District of California for further proceedings as though it originally had been instituted in the District Court.

CASE NO.

NOTICE OF REMOVAL OF CIVIL ACTION

US_Active\118344866\V-4

Dated: June 11, 2021

Respectfully submitted,

*/s/ Sonia Martin*
Sonia Martin

*/s/ Meka Moore*
Meka Moore

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882-5000