# EXHIBIT A

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Talitha Galstyan, 334289<br>Kabateck LLP<br>633 West Fifth Street<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 2132175000 Ext 5008<br>ATTORNEY FOR *(Name)*: Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**05/14/2021** at 03:48:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, San Diego County |
| 330 W. Broadway |
| San Diego, CA 92101-3409 |

| PLAINTIFF/PETITIONER: MILLE FLEURS INC, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: NATIONWIDE MUTUAL INSURANCE COMPANY, | 37-2021-00019740-CU-IC-CTL |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>12091.01 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Complaint, Summons, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, Alternative Dispute Resolution (ADR) Information Package, Stipulation to Use Alternative Dispute Resolution (ADR), Notice of E-Filing Requirements and Imaged Documents, Plaintiffs Notice of Posting Jury Fees

3. a. Party served:  NATIONWIDE MUTUAL INSURANCE COMPANY, a Corporation

   b. Person Served: CSC – Susie Vang – Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833
5. I served the party
   a. **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 05/13/2021          (2) at  (time): 1:25PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:

   NATIONWIDE MUTUAL INSURANCE COMPANY, a Corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:       Tyler Anthony DiMaria
   b. Address:    One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
       (3) registered California process server.
           (i)  Employee or independent contractor.
           (ii) Registration No.: 2006-06
           (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 05/13/2021

Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>OL# 16301587 |
|---|---|---|

1   Brian S. Kabateck, SBN. 152054
    bsk@kbklawyers.com
2   Marina R. Pacheco, SBN 296485
    mrp@kbklawyers.com
3   Talitha Galstyan, SBN 334289
    tg@kbklawyers.com
4   **KABATECK LLP**
5   633 W. 5th. Street, Suite 3200
    Los Angeles, CA 90071
6   Telephone: (213) 217-5000
    Facsimile: (213) 217-5010
7

8   Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**05/07/2021** at 03:10:00 PM
Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| 11  MILLE FLEURS INC., a Corporation; and MISTER BERTRAND LLC dba <br> 12  BERTRAND AT MISTER A'S; | **Case No.  37-2021-00019740-CU-IC-CTL** |
| 13                    Plaintiff, | ASSIGNED FOR ALL PURPOSES: <br> JUDGE RICHARD S. WHITNEY <br><br> DEPT: C-68 |
| 14         vs. | |
| 15  NATIONWIDE MUTUAL INSURANCE <br> 16  COMPANY, a Corporation; and DOES 1 <br> 17  through 25; | **PLAINTIFFS NOTICE OF POSTING JURY FEES** <br><br><br> Complaint Filed: May 4, 2021 |
| 18                    Defendants. | |

19

20   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21           **PLEASE TAKE NOTICE** that Plaintiffs MILLE FLEURS INC and MISTER

22   BERTRAND LLC dba BERTRAND AT MISTER A'S, hereby deposits jury fees in the

23   amount of $150.00 (One Hundred Fifty Dollars and No Cents) in the above captioned matter.

24

25   Dated: May 7, 2021                         **KABATECK LLP**

26                              BY: _____
27                                   Talitha Galstyan
                                     Attorney for Plaintiffs
28

Page 1
**NOTICE OF POSTING JURY FEES**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

PLAINTIFF(S) / PETITIONER(S):    Mille Fleurs Inc et.al.

DEFENDANT(S) / RESPONDENT(S):  Nationwide Mutual Insurance Company

MILLE FLEURS INC VS NATIONWIDE MUTUAL INSURANCE COMPANY [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2021-00019740-CU-IC-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Richard S. Whitney                                     Department: C-68

**COMPLAINT/PETITION FILED:** 05/04/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/10/2021 | 10:00 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONWIDE MUTUAL INSURANCE COMPANY, a Corporation; and DOES 1 through 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MILLE FLEURS INC., a Corporation; and MISTER BERTRAND LLC dba BERTRAND AT MISTER A'S

<table>
<tr><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em><br><br><strong>ELECTRONICALLY FILED</strong><br>Superior Court of California,<br>County of San Diego<br><br><strong>05/04/2021</strong> at 03:29:48 PM<br><br>Clerk of the Superior Court<br>By Regina Chanez, Deputy Clerk</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hall of Justice Courthouse<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):*<br>37-2021-00019740-CU-IC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brian S. Kabateck, Kabateck LLP, 633 W. 5th Street, Suite 3200, Los Angeles, CA 90071; 213-217-5000

| DATE: 05/05/2021<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | R. Chanez<br>R. Chanez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONWIDE MUTUAL INSURANCE COMPANY, a Corporation; and DOES 1 through 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MILLE FLEURS INC., a Corporation; and MISTER BERTRAND LLC dba BERTRAND AT MISTER A'S

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/04/2021** at 03:29:48 PM

Clerk of the Superior Court
By Regina Chanez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice Courthouse
330 West Broadway
San Diego, CA 92101

CASE NUMBER: *(Número del Caso):*
37-2021-00019740-CU-IC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brian S. Kabateck, Kabateck LLP, 633 W. 5th Street, Suite 3200, Los Angeles, CA 90071; 213-217-5000

DATE:   05/05/2021
*(Fecha)*

Clerk, by   *R. Chanez*        , Deputy
*(Secretario)*   R. Chanez   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NATIONWIDE MUTUAL INSURANCE COMPANY, a Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1    Brian S. Kabateck, SBN 152054
2    Marina R. Pacheco, SBN 296485
     Talitha Galstyan, SBN 334289
3    **KABATECK LLP**
     633 W. Fifth Street, Suite 3200
4    Los Angeles, CA 90071
     Telephone: (213) 217-5000
5    Facsimile: (213) 217-5010

6    Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/04/2021** at 03:29:48 PM
Clerk of the Superior Court
By Regina Chanez, Deputy Clerk

7

8                    **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                                **COUNTY OF SAN DIEGO**

10

11   MILLE FLEURS INC., a Corporation; and        CASE NO.   37-2021-00019740-CU-IC-CTL
     MISTER BERTRAND LLC dba
12   BERTRAND AT MISTER A'S;

13                Plaintiff,                        **COMPLAINT FOR:**
                                                      1) **BREACH OF CONTRACT**
14        vs.                                         2) **BREACH OF IMPLIED COVENENT OF**
                                                         **GOOD FAITH AND FAIR DEALING**
15   NATIONWIDE MUTUAL INSURANCE
16   COMPANY, a Corporation; and DOES 1
     through 25;                                    **DEMAND FOR JURY TRIAL**
17
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────
                         COMPLAINT FOR DAMAGES

1       Plaintiffs MILLE FLEURS INC., a Corporation; and MISTER BERTRAND LLC dba

2   BERTRAND AT MISTER A'S ("Plaintiffs"), by its undersigned counsel, allege as follows:

3                                  **INTRODUCTION**

4       1.      This matter arises over the dispute of insurance coverage resulting from a natural

5   disaster, which is the COVID-19 pandemic (hereinafter, "COVID-19", "pandemic", or COVID-19

6   pandemic"). Plaintiffs sought and obtained coverage from Defendant to cover a myriad of risks for

7   all aspects of its business operations, including, but not limited to, liability, property damage,

8   property loss, and business income.

9       2.      Plaintiffs purchased property casualty insurance from Defendants for the purpose of

10  transferring their risk and their exposure from sudden catastrophic loss and to reduce financial

11  uncertainty which make accidental loss manageable which allows it to enable its owners, suppliers,

12  investors, and creditors to have confidence in its continuing operations and viability.

13      3.      Plaintiffs assert claims for physical loss resulting in business interruption. Under

14  longstanding principles of insurance law, Plaintiffs are entitled to payment under their insurance

15  policy from Defendant for physical loss it suffered. Specifically, the pandemic caused direct

16  physical loss of or damage to Plaintiffs' operations by physically impairing, detrimentally altering,

17  rendering them nonfunctional, and by depriving them of the ability to function and operate. The

18  threshold legal question Plaintiffs come to this Court with is whether Defendant Insurer must

19  provide coverage under an all-risk commercial insurance policy for direct physical loss and/or

20  damage caused by the pandemic, which has physically impaired, detrimentally altered, and

21  rendered Plaintiffs' operations and properties nonfunctional.

22      4.      Prior to the pandemic, Plaintiffs' establishment was bustling. The dining room was a

23  place where guests sat down to share a meal and friends and families would come to celebrate

24  special occasions.

25      5.      The pandemic brought an end to all of that activity by imposing direct physical

26  restrictions that impaired Plaintiffs' operations and property and rendered it nonfunctional for its

27  intended purposes. The physical premises of its establishment, including its appearance, shape,

28  physical layout, and the physically demarcated routes for customer traffic – all of which are critical

                                     - 1 -

1    to its operations – were materially and detrimentally altered. Vast amounts of square footage in its

2    properties – many painstakingly designed to maximize the customer's experience and the

3    establishment's revenue – were lost and rendered nonfunctional for their intended purposes.

4    Plaintiffs' business operations were directly and physically altered to a material degree, in that no

5    customers, employees, suppliers, or humans were allowed to occupy the interior.

6        6.     Plaintiffs reasonably believed and expected that the pandemic was among the risks

7    covered under its insurance policy with Defendant.

8        7.     Accordingly, Plaintiffs seeks an award of damages pursuant to terms under its

9    insurance policy with Defendant, for the loss and damage caused to Plaintiff because of the

10    pandemic.

11                         **PARTIES**

12        1.     At all relevant times, Plaintiffs MILLE FLEURS INC., a Corporation; and MISTER

13    BERTRAND LLC dba BERTRAND AT MISTER A'S ("Plaintiffs"), are authorized to do business

14    in the State of California, County of San Diego. Plaintiffs own, operate, manage, and/or control the

15    restaurants Mille Fleurs and Bertrand at Mister A's. ("Insured Properties").

16        2.     At all relevant times, Defendant NATIONWIDE MUTUAL INSURANCE

17    COMPANY, a Corporation; ("Nationwide" or "Defendant") is an Ohio corporation doing business

18    in the State of California, County of Los Angeles, with its principal place of business located at

19    One Nationwide Plaza, Columbus, Ohio 43215-2220 subscribing to Policy Number ACP CPP

20    3046935907. Nationwide Defendants issued the policy for the following properties:

21           a.    6009 Paseo Delicias, Rancho Santa Fe, CA 92067

22           b.    2550 Fifth Ave 12th Floor, San Diego, CA 92103

23           c.    2550 Fifth Ave Suite 406, San Diego, CA 92103 ("Insured Properties").

24        3.     Nationwide Defendants are transacting the business of insurance in the state of

25    California and the basis of this suit arises out of such conduct.

26        4.     At all relevant times mentioned herein, the true names and capacities, whether

27    individual, corporate, associate or otherwise, of Defendants DOES 1 through 25, inclusive, are

28    currently unknown to Plaintiff, who therefore brings suit against these Defendants by their

1   fictitious names and capacities. Plaintiff is informed and believes and thereupon alleges that each

2   fictitiously named Defendant, whether acting for itself or as an agent, corporation, association, or

3   otherwise, is liable or responsible to Plaintiff and proximately caused injuries and damages to

4   Plaintiff as alleged herein. While at this time Plaintiff is unaware of the true names and capacities

5   of the DOE Defendants, Plaintiff will amend its Complaint to show the true names and capacities

6   of DOES 1 through 25, inclusive, when those identities have been ascertained.

7        5.    At all relevant times mentioned herein, Defendants were the agents, employees,

8   supervisors, servants and joint venturers of each other, and in doing the things hereafter alleged,

9   were acting within the course, scope and authority of such agency, employment and joint venture

10   and with the consent and permission of each of the other Defendants. All actions of each

11   Defendant alleged in the causes of action into which this paragraph is incorporated by reference

12   were ratified and approved by the officers or managing agents of every other Defendant.

13        6.    All allegations in this Complaint are based on information and belief and/or are

14   likely to have evidentiary support after a reasonable opportunity for further investigation or

15   discovery.  Whenever allegations in this Complaint are contrary or inconsistent, such allegations

16   shall be deemed alternative.

17                     **JURISDICTION AND VENUE**

18        7.    Jurisdiction is proper pursuant to Cal. Code Civ. Proc. §§ 410.10, 410.50 and 1060.

19        8.    Venue is proper in this judicial district pursuant to Cal. Code Civ. Proc. § 395.

20                     **FACTUAL BACKGROUND**

21        9.    On or around November 18, 2019, Nationwide entered into a contract of insurance

22   with Plaintiffs in the event of a covered of loss or damage.

23        10.    Under this contract, Plaintiffs agreed to make premium payments to Nationwide in

24   exchange for Nationwide's promise to indemnify the Plaintiffs for losses including, but not limited

25   to, business income losses at the Insured Properties.

26        11.    The Insured Properties includes the well-known restaurants  Mille Fleurs and

27   Bertrand at Mister A's. Mille Fleurs is located in the City of Rancho Santa Fe, County of San

28   Diego – specifically at 6009 Paseo Delicias, Rancho Santa Fe, CA 92067. Bertrand at Mister A's is

1   located in the City of San Diego, County of San Diego – specifically at 2550 Fifth Ave 12th Floor,

2   San Diego, CA 92103. Bertrand at Mister A's also has an accompanying office space at 2550 Fifth

3   Ave Ste 406, San Diego, CA 92103. All Insured Properties are owned, leased by, managed and/or

4   controlled by Plaintiffs.

5         12.    The Insured Properties are covered under the Policy issued by Nationwide

6   Defendants with policy number ACP CPP 3046935907 (hereinafter "The Policy"). A true and

7   correct copy of the Policy is attached hereto as **Exhibit 1**.

8         13.    The Policy was in full effect at the time of loss, providing property, business

9   personal property, business income and extra expense, and additional coverages for Plaintiff

10   between the period of November 18, 2019 through November 18, 2020.

11         14.    The Business Income (And Extra Expense) Coverage Form of The Policy provided,

12   in part, the following as shown in **Exhibit 1** and Image 1 below:

13

14            We will pay for the actual loss of Business

15            Income you sustain due to the necessary
         "suspension" of your "operations" *during the*

16            "period of restoration". The "suspension" must
         be caused by direct physical loss of or damage

17            to property at premises which are described in
         the Declarations and for which a Business

18            Income Limit Of Insurance is shown in the
         Declarations. The loss or damage must be

19            caused by or result from a Covered Cause of
         Loss. With respect to loss of or damage to

20            personal property in the open or personal
         property in a vehicle, the described premises

21            include the area within 100 feet of such
         premises.

22

23         15.    The Business Income (And Extra Expense) Coverage Form of The Policy also

24   provides, in part, the following as to Extra Expense shown in **Exhibit 1** and Image 2 on the

25   following page:

26

27

28

**2. Extra Expense**

   **a.** Extra Expense Coverage is provided at the premises described in the Declarations only if the Declarations show that Business Income Coverage applies at that premises.

   **b.** Extra Expense means necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss.

We will pay Extra Expense (other than the expense to repair or replace property) to:

   **(1)** Avoid or minimize the "suspension" of business and to continue operations at the described premises or at replacement premises or temporary locations, including relocation expenses and costs to equip and operate the replacement location or temporary location.

   **(2)** Minimize the "suspension" of business if you cannot continue "operations".

We will also pay Extra Expense to repair or replace property, but only to the extent it reduces the amount of loss that otherwise would have been payable under this Coverage Form.

16.   The Policy applies to the actual loss of business income sustained and necessary and reasonable expenses incurred when the operations of the business are suspended due to the direct physical loss or damage to the Insured Premises that is not excluded.

17.   The Policy also includes "Civil Authority" additional coverage as shown in **Exhibit 1** and Image 3 on the following page:

#### a. Civil Authority

In this Additional Coverage, Civil Authority, the described premises are premises to which this Coverage Form applies, as shown in the Declarations.

When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:

**(1)** Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and

**(2)** The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

18.     Plaintiffs faithfully paid policy premiums to Nationwide to specifically provide all risk coverage, including the actual loss of business income due to the necessary interruption of business operations due to direct physical loss of or direct physical damage to property as well as a civil authority shutdown.

19.     Plaintiffs' reasonable expectation is that its Insured Properties would be covered due to physical damage or loss of ability to operate its property as defined under its Policy.

20.     As now commonly known, an unprecedented event in the form of a world pandemic has occurred. On March 11, 2020, the World Health Organization officially recognized the COVID-19 pandemic.

21.     According to the County of Los Angeles Public Health Department, the first confirmed case of COVID-19 was on January 26, 2020.[1] To date, California has had over 3.5

---

[1] http://www.publichealth.lacounty.gov/phcommon/public/media/mediapubhpdetail.cfm?prid=2227

1    million confirmed COVID-19 positive cases and over 57,336 COVID-19 deaths since the start of

2    the pandemic.[2]

3         22.    COVID-19 spreads through infected droplets that are physical objects that attach to

4    and cause harm to other objects based on its ability to survive on surfaces and infect other people.

5         23.    The pandemic is a natural disaster. The business loss caused by the pandemic is

6    indistinguishable from those caused by other natural disasters like earthquakes, hurricanes, and

7    fires. Plaintiffs' policy was intended to provide coverage for loss and damage resulting from

8    natural disasters such as the pandemic.

9         24.    In order to protect the public, on March 12, 2020, Mayor Todd Gloria of the City of

10   San Diego issued a proclamation of a local emergency as a result of the coronavirus outbreak. On

11   March 17, 2020, the Council of the City of San Diego issued a resolution ratifying Mayor Todd

12   Gloria's proclamation. A true and correct copy of the City Council's Resolution ("City Council

13   Resolution") is attached hereto as **Exhibit 2**.

14        25.    In order to protect the public, on March 12, 2020, the Public Health Officer of San

15   Diego County, Wilma J. Wooten, issued an order directing all individuals living in the county to

16   stay at home except that they may leave to provide or receive certain essential services or engage in

17   certain essential activities ("San Diego Order"). A true and correct copy of the San Diego Order is

18   attached hereto as **Exhibit 3**.

19        26.    In order to protect the public, on March 19, 2020, the Governor of the State of

20   California, Gavin Newsom, issued an order directing all individuals living in the state to stay at

21   home except that they may leave to provide or receive certain essential services or engage in

22   certain essential activities ("Newsom Order"). A true and correct copy of the Newsom Order is

23   attached hereto as **Exhibit 4**.

24        27.    In the time since these orders, there have been additional Executive Orders by

25   Governor Newsom and orders by Mayor Gloria limiting the functions and capacity of restaurants.

26

27

28   [2] https://covid19.ca.gov/state-dashboard/

28. The pandemic is continuing, and there continue to be orders issued at both the state and local level that state guidelines and restrictions on bars and restaurants.

29. On December 3, 2020, Governor Newsom issued another order directing all individuals living in the counties with less than 15% ICU capacity to stay at home for at least three weeks except as necessary to conduct essential activities ("Limited Newsom Order"). The County of San Diego had less than 15% ICU capacity and was thus subject to the order. A true and correct copy of the Newsom Order is attached hereto as **Exhibit 5.**

30. As a result of the City Council Resolution, San Diego Order, Newsom Order, Limited Newsom Order, and other orders that extended or modified the above orders, (collectively "Orders"), Plaintiff has sustained actual loss of business income and necessary extra expenses due to its necessary suspension of its operations and the prohibited access to its premises. This is a business interruption as defined in The Policy.

31. The Orders specifically prohibited and limited access to the Insured Properties.

32. It is the public policy intent and intent of each county and state to close businesses including Plaintiff's for the public good, welfare, and benefit. The Orders were reasonably necessary to protect the public good, welfare, and benefit. The Orders were specifically tailored to the nature of the COVID-19 pandemic.

33. By January 26, 2020, COVID-19 was present in property and spaces in the area immediately surrounding the Insured Property, thereby causing physical damage and physical loss.

34. The necessary suspension of Plaintiff's business operations caused by the Orders constitute a Covered Cause of Loss as defined in The Policy. Because The Policy covers all risk of direct physical loss that is not excluded, the Orders prevented the businesses from operating which is a physical loss of use which is not excluded.

35. Plaintiffs were required to make substantial detrimental physical alterations to their property, which is a direct, physical loss and/or damage which is a Covered Cause of Loss as defined in The Policy.

36. Plaintiffs duly submitted a claim, Number 408841-GK, to Nationwide under The Policy for their loss.

- 8 -
COMPLAINT FOR DAMAGES

1    37.    On May 29, 2020, Nationwide denied Plaintiffs' claim as not being covered by The

2    Policy. The denial of the claim is attached hereto as **Exhibit 6.**

3    <u>**FIRST CAUSE OF ACTION**</u>

4    **BREACH OF CONTRACT**

5    **(Against Nationwide and DOES 1 to 25)**

6    38.    Plaintiffs re-allege and incorporate by reference into this cause of action each and

7    every allegation set forth in each and every paragraph of this Complaint.

8    39.    Pursuant to The Policy, Nationwide has a contractual obligation to fully investigate

9    and adjust the loss, and pay the full amount of Plaintiffs' covered losses, including the actual loss

10    sustained for the necessary interruption of Plaintiffs' businesses, including, but not limited to, loss

11    of business income and extra expense, less the applicable deductible.

12    40.    The Policy is an insurance contract under which Nationwide was paid premiums in

13    exchange for its promise to pay Plaintiffs' losses for claims covered by The Policy, such as

14    business losses incurred as a result of the Orders forcing Plaintiffs to suspend their businesses.

15    41.    Plaintiffs have performed all conditions precedent to their right to recovery under

16    The Policy.

17    42.    Nationwide has refused and continues to refuse to pay for all of the benefits under

18    the Policy including, but not limited to, loss of business income and extra expenses, forcing

19    Plaintiffs to litigate.

20    43.    Nationwide's refusal to pay the full amount of Plaintiffs' loss is in breach of The

21    Policy.

22    44.    Nationwide further breached its contract with Plaintiffs by:

23        a.    failing to fully investigate the loss;

24        b.    conducting a biased and outcome-oriented investigation of the loss;

25        c.    not promptly paying Plaintiffs all benefits owed as a result of the covered

26            loss;

27        d.    failing to pay for all consequential damage; and

28

1          e.     not putting Plaintiffs in the position they would have been in had Nationwide

2               timely performed all of its contractual duties.

3    45.    As a direct and proximate result of Nationwide's breach of contract, Plaintiffs:

4          a.     suffered and will continue to suffer loss of business income and extra

5               expenses;

6          b.     incurred and will incur in the future loss of business income and extra

7               expenses;

8          c.     suffered and will continue to suffer consequential damages;

9          d.     are entitled to an award of prejudgment interest, taxable costs, and

10              investigatory fees; and

11         e.     incurred other expenses as a result of Nationwide's breach of contract.

12   **SECOND CAUSE OF ACTION**

13   **(For Breach of the Implied Covenant of Good Faith and Fair Dealing (Insurance Bad Faith)**

14   **Against Nationwide and DOES 1 to 25)**

15   46.    Plaintiffs hereby re-allege and incorporate the preceding paragraphs as though set

16   forth in full herein.

17   47.    Plaintiffs are informed and believe and thereon allege that the Policy was executed,

18   issued and approved in the State of California.

19   48.    Plaintiffs are informed and believe and thereon allege that the Policy was

20   administered in, and intended to be discharged in, the State of California.

21   49.    The Policy was issued in exchange for good and valuable consideration, and The

22   Policy was in full force and effect at all relevant times mentioned herein.

23   50.    In every contract of insurance, there is an implied duty of good faith and fair dealing

24   that the insurance company will not do anything to unfairly interfere with the rights of the insured,

25   like Plaintiffs, to receive the benefit of The Policy.

26   51.    Nationwide, having issued The Policy to Plaintiffs, were at all times materially

27   bound to said implied covenant of good faith and fair dealing.

28

COMPLAINT FOR DAMAGES

1    52.    Nationwide breached its duty of good faith and fair dealing owed to Plaintiffs,

2    including but not limited to, the following respects:

3       a.    Unreasonably and in bad faith, placed its own financial interests ahead of its insured

4    in violation of California's statutory, regulatory and common law;

5       b.    Unreasonably and in bad faith failed and refused to give at least as much

6    consideration to the interests of its insured as it gave its own interests;

7       c.    Unreasonably and in bad faith withheld payment of sums due and owing Plaintiffs;

8       d.    Unreasonably and in bad faith failed to reasonably investigate and process

9    Plaintiffs' claim for benefits;

10   53.    Plaintiffs were entitled to benefits from Nationwide under The Policy for full

11   coverage of the Insured Property.

12   54.    Nationwide denied Plaintiffs' claim and failed to pay benefits owed to Plaintiffs

13   owed under The Policy.

14   55.    In the course of failing and/or refusing to provide benefits to Plaintiffs under The

15   Policy, Nationwide acted unreasonably and without good cause.

16   56.    By its actions and inactions, Nationwide has breached the covenant of good faith

17   and fair dealing implied in The Policy.

18   57.    Plaintiffs are informed, believe, and allege that Nationwide breached its duty of

19   good faith and fair dealing by other acts and omissions of which they are presently unaware of but

20   which will be showing according to proof at trial.

21   58.    As a direct and proximate result of Nationwide's breach, Plaintiffs have sustained

22   damages in an amount according to proof at trial for amounts paid out of pocket, unpaid interest

23   thereon, consequential damages, and past and future attorneys' fees and costs incurred by Plaintiffs

24   in pursuing Defendant to recover, among other sums, its unpaid benefits as set forth above.

25   59.    Defendant acted with reckless, willful or callous disregard for Plaintiffs' rights and

26   with malice, fraud or oppression toward Plaintiffs, thereby entitling Plaintiffs to an award of

27   punitive damages in accordance with proof at trial.

28

1         60.    To date, Defendant consciously disregarded Plaintiffs' interests by refusing to

2   provide coverage under The Policy, even though Plaintiffs have fulfilled all of their obligations.

3         61.    As alleged herein, Nationwide's conduct with respect to Plaintiffs was with willful

4   disregard of Plaintiffs' rights and an attempt by them to take positions which were inconsistent

5   with interpretations of other policies, based coverage decisions on misinterpretations of the policy,

6   or in an effort to cover up for their own failures to place the proper policy for Plaintiffs.

7   Nationwide also delayed responding to Plaintiffs' demands for coverage under the Policy, has

8   never been forthcoming as to its position on coverage, and/or has failed to rectify its failure to

9   place the proper policy. Consequently, Plaintiffs are entitled to recover punitive damages both to

10  punish Nationwide's transgressions and to deter others from engaging in similar wrongful conduct.

11        62.    Upon information and belief, Plaintiffs alleges that the conduct described herein was

12  authorized and ratified by Defendant.

13        63.    Based on the preceding paragraphs, Defendant acted with reckless, willful or callous

14  disregard for Plaintiffs' rights and with malice, fraud or oppression toward Plaintiffs, thereby

15  entitling Plaintiffs to an award of punitive damages in accordance with proof at trial.

16        64.    On information and belief, Defendant has engaged in a continued pattern and

17  practice of unjustly and unreasonably delaying and withholding policy benefits due to its insureds,

18  of which the instant action is only one example.

19

20

21

22

23

24

25

26

27

28

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs herein, MILLE FLEURS INC., a Corporation; and MISTER BERTRAND LLC dba BERTRAND AT MISTER A'S, prays as follows:

1.    Compensatory damages;

2.    General damages;

3.    Pre-judgment and post-judgment interest as allowed by law;

4.    Costs according to proof;

5.    For exemplary and/or punitive damages against Defendant as to the Second Cause of Action for Insurance Bad Faith;

6.    Attorneys' fees pursuant to *Brandt v. Superior Court (Standard Ins. Co.)*, (1985) 37 Cal.3d 813, 817; and

7.    Such other and further legal and equitable relief as the Court deems just and proper.

DATED: May 4, 2021                                    KABATECK LLP

                                        By: _____
                                             BRIAN S. KABATECK
                                             MARINA R. PACHECO
                                             TALITHA GALSTYAN
                                             Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2   Plaintiffs hereby demand a jury trial for all claims and issues so triable.

3

4   DATED: May 4, 2021                    **KABATECK LLP**

5

6                              By:

7                                   BRIAN S. KABATECK
8                                   MARINA R. PACHECO
                                    TALITHA GALSTYAN
9                                   Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

IN 00 01 04 16

★★★★★★★   IMPORTANT INSURANCE INFORMATION   ★★★★★★★

Please read this Notice carefully. No coverage is provided by this notice nor can it be construed to replace any provision of your policy. You should read your policy and review your declarations page for complete information on the coverages you are provided. If there is any conflict between the policy and this notice, the provisions of the policy shall prevail.

## CONSUMER COMPLAINTS AND INFORMATION

Thank you for choosing Nationwide® to help you protect what's important to you. We value your business and want to ensure you have the current California service contact information if you need assistance.

**What you need to do**

Please keep this information with your insurance policy for reference.

**IF YOU SHOULD HAVE ANY QUESTIONS OR CONCERNS RELATED TO YOUR INSURANCE POLICY, YOU MAY CONTACT YOUR AGENT OR A COMPANY REPRESENTATIVE. THE CONTACT INFORMATION FOR YOUR AGENT IS LOCATED IN YOUR POLICY DOCUMENTS, AND THE CONTACT INFORMATION FOR A COMPANY REPRESENTATIVE FOLLOWS:**

NATIONWIDE INSURANCE COMPANY
ATTN: CUSTOMER RELATIONS DEPARTMENT
ONE WEST NATIONWIDE BLVD
COLUMBUS OH 43215 -2220
TOLL FREE: 877-669-6877
WEB: WWW.NATIONWIDE.COM

**IF YOUR AGENT OR A COMPANY REPRESENTATIVE IS UNABLE TO RESOLVE YOUR CONCERN, YOU MAY ALSO CONTACT THE CALIFORNIA DEPARTMENT OF INSURANCE, CONSUMER SERVICES DIVISION AT:**

CALIFORNIA DEPARTMENT OF INSURANCE
CONSUMER SERVICES AND MARKET CONDUCT BRANCH
CONSUMER SERVICES DIVISION
300 SOUTH SPRING STREET, SOUTH TOWER
LOS ANGELES, CA  90013
1-800-927-HELP(4357)
1-800-482-4833 (TDD)
WEB: WWW.INSURANCE.CA.GOV

**You can always count on us to be there**

We appreciate your business and look forward to continuing to serve you.

Cal Ins Code § 510
IN 00 01 04 16                                                                                     Page 1 of 1

ACP  CPP  3046935907                         **INSURED COPY**                        47   0005981

IN 74 06 01 07

# For use only in
# California, New Jersey, North Dakota, Washington

## IMPORTANT FLOOD INSURANCE NOTICE

Thank you for the opportunity to provide your important insurance protection. As your insurance provider, we like to keep you informed of important issues that can potentially impact your property assets. This letter is to remind you of the importance of considering flood insurance and the importance of reviewing your policies on a regular basis.

Your Commercial Property (Premier Businessowners and/or Commercial Property) and Farmowners' policy does not cover damage from floods to any property resulting directly or indirectly from "water." Excluded "water" losses include, but are not limited to those caused by flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not. You will need to read your policy for all of the details about excluded water losses. This is just a summary of the excluded water losses to highlight some important flood-related issues.

In most communities, you can obtain flood insurance through your agent that is backed by the federal government's National Flood Insurance Program. In those qualifying communities, you can obtain flood insurance protection for your property regardless of your flood zone or flood risk.

Your agent can assist you in 1) determining if your community participates in the National Flood Insurance Program, 2) assessing your flood risk, and 3) understanding flood policy availability. To learn more about flood insurance and your risk of flooding access the National Flood Insurance Program's consumer website at www.FloodSmart.gov.

As you consider the risk of flooding in your area and consider your options for obtaining valuable protection, consider that:

- All property is in a flood zone, regardless of whether an area has been defined as high risk or low risk.
- Nearly 25% of all flood claims are for properties located in lower-risk flood areas or locations where flooding is not expected.
- Floods can happen anywhere, at any time, causing anguish, destruction, and financial damage.
- Changing weather patterns, as well as residential and business development, may increase your chance of experiencing a flood.
- Flooding can occur as a result of clogged, overloaded, or inadequate storm drains. You don't have to live near a body of water to be flooded.
- Federal disaster assistance is often a loan and must be repaid with interest.
- Your commercial property and/or farmowner policies exclude loss by flooding.

Ask your agent about obtaining flood insurance for commercial property today. Thank you for choosing us to meet your insurance needs. We value your business.

IN 74 06 01 07                                                    Page 1 of 1