1   SONIA MARTIN (SBN 191148)
    DENTONS US LLP
2   1999 Harrison Street, Suite 1300
    Oakland, CA 94612
3   Telephone: 415 882 5000
    Facsimile:  415 882 0300
4   Email:    sonia.martin@dentons.com

5   MEKA MOORE (SBN 180017)
    SELMAN BREITMAN LLP
6   11766 Wilshire Boulevard, Sixth Floor
    Los Angeles, CA 90025
7   Telephone: 310 445 0800
    Fascimile:  310 473 2525
8   Email:    mmoore@selmanlaw.com

9   Attorneys for Defendant
    NATIONWIDE MUTUAL INSURANCE
10  COMPANY

11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15  MILLE FLEURS, a Corporation; and        Case No. 3:21-cv-01096-LAB-AGS
    MISTER BERTRAND LLC dba
16  BERTRAND AT MISTER A'S;                  **DEFENDANT NATIONWIDE**
                                             **MUTUAL INSURANCE**
17              Plaintiffs,                  **COMPANY'S:**

18      vs.                                  **(1)  NOTICE OF MOTION AND**
                                             **MOTION TO DISMISS FOR**
19                                           **FAILURE TO STATE A CLAIM**
    NATIONWIDE MUTUAL                        **[Fed R.  Civ. P.  12(b)(6)]; AND**
20  INSURANCE COMPANY, a
    Corporation; and DOES 1 through 25,      **(2)  MEMORANDUM OF POINTS**
21                                           **AND AUTHORITIES IN**
                Defendants.                  **SUPPORT**
22
                                             Date:      August 16, 2021
23                                           Time:      11:30 a.m.
                                             Place:     Courtroom 14A (14th Floor)
24                                           Before:    Hon. Larry Alan Burns

25

26

27

28

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF, THEIR COUNSEL, AND THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on August 16, 2021, at 11:30 a.m. or as soon thereafter as counsel may be heard, in Courtroom 14A, of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego CA 92101, Defendant Nationwide Mutual Insurance Company ("Nationwide") will move, and hereby does move, to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cognizable claim for relief, on the following grounds:

1. The insurance policy contains a clear, unambiguous Virus Exclusion that excludes coverage for any "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease."

2. The insurance policy contains a clear, unambiguous Acts or Decisions Exclusion that excludes coverage for "[a]cts or decisions, including the failure to act or decide, of any person, group, organization or government body," as well as an exclusion for "Consequential Losses" that excludes coverage for "delay, loss of use or loss of market."

3. The Complaint fails to allege a basis for coverage under the Policy's Civil Authority Coverage.

4. The Complaint fails to allege a basis for coverage under the Policy's Business Income Coverage and Extra Expense Coverage.

5. Defendant's coverage position is reasonable, and cannot support a claim for breach of the implied covenant of good faith and fair dealing.

Dentons US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
(415) 882.5000

1

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

This motion will be and is based upon this Notice, the following Memorandum of Points and Authorities, all pleadings, records and documents on file, and such additional evidence and argument as may be properly introduced in support of the motion.

This motion is made following the conference of counsel, which took place on June 11, 2021.

Dated: July 2, 2021

Respectfully submitted,


/s/    *Sonia R. Martin*
Sonia R.  Martin


/s/    *Meka Moore*
Meka Moore

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882.5000

# **TABLE OF CONTENTS**

**Page**

I      INTRODUCTION ..................................................................................1

II     FACTUAL BACKGROUND...................................................................2

   A.     Background.................................................................................2

   B.     Contract Language at Issue ........................................................3

       1.     Civil Authority Coverage..................................................3

       2.     Business Income and Extra Expense Coverage...................4

       3.     Virus Exclusion................................................................4

       4.     Acts or Decisions Exclusion .............................................5

       5.     Consequential Losses Exclusion........................................5

   C.     The Lawsuit ...............................................................................5

III    LEGAL STANDARD .............................................................................6

IV     LEGAL ARGUMENT.............................................................................6

   A.     Plaintiffs Have Not Alleged A Basis For Coverage.....................7

       1.     The Virus Exclusion Bars Coverage as a Matter of Law. ....................7

       2.     The Acts or Decisions Exclusion Also Bars Coverage. .....................11

       3.     The Civil Authority Coverage Does Not Apply. ................................13

       4.     Business Income And Extra Expense Coverages Do Not Apply. .......22

   B.     Plaintiffs' Claim for Breach of Implied Covenant of  Good
       Faith and Fair Dealing Fails As A Matter Of Law....................24

V      CONCLUSION....................................................................................25

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>CASES</u>

*10E, LLC v. Travelers Indem. Co. of Conn.*,
   No. 2:20-CV-04418-SVW-AS, 2020 WL 6749361, (C.D. Cal. Nov.
   13, 2020) ................................................................................................9

*10E, LLC v. Travelers Indem. Co. of Connecticut et al.*,
   No. 2:20-cv-04418-SVW-AS (C.D. Cal. Aug. 28, 2020) .....................................2

*10E, LLC v. Travelers Indemnity Co. of Conn.*,
   No. 2:20-cv-04418-SVW, 2020 U.S. Dist. LEXIS 156827, (C.D.
   Cal. Aug. 28, 2020) .............................................................................21

*10E, LLC v. Travelers Indemnity Co. of Connecticut et al.*,
   No. 2:20-cv-04418-SVW-AS (C.D. Cal. Aug. 28, 2020) ..................................17

*644 Broadway LLC v. Falls Lake Fire and Casualty Co.*,
   Case No. 20-cv-08421-JST, at 6 (N.D. Cal. May 21, 2021 ....................... 18, 24

*Apple Annie, LLC v. Oregon Mut. Ins. Co.*,
   No. CGC-20-585712 (Superior Ct. San Francisco Cty.
   Jun. 16, 2021) ...................................................................................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2008) ...................................................................... 6, 7, 8

*Baker v. Oregon Mut. Ins. Co.*,
   No. 20-cv-05467, 2021 WL 1145882 (N.D. Cal. March 25, 2021) ...................11

*Beach Glo Tanning Studio Inc. v. Scottsdale Ins. Co.*,
   Case No. 3:20-CV-13901 (BRM) (ZNQ), (D.N.J. May 28, 2021) ...................12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................ 6, 7

*Bushell v. JPMorgan Chase Bank, N.A.*,
   220 Cal. App. 4th 915 (2013) ...................................................................7

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
   222 Cal. App. 3d 1371 (1990) ...............................................................25

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882.5000

ii

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

*Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*,
90 Cal. App. 4th 335 (2001) ................................................................ 25

*Dalrymple v. United States Auto Assn.*,
40 Cal. App. 4th 497 (1995) ................................................................ 25

*Daneli Shoe Co. v. Valley Forge Ins. Co.*,
2021 WL 1112710 (S.D. Cal. March 17, 2021) .................................. 16

*Diesel Barbershop v. State Farm Lloyd's*,
479 F. Supp. 3d 353 (W.D. Tex. 2020) ............................................... 19

*Duarte & Witting, Inc. v. Universal Underwriters Ins. Co.*,
No. C-05-1315 MHP, 2006 WL 2130743, (N.D. Cal. July 27,
2006), aff'd, 291 F. App'x 807 (9th Cir. 2008) ................................. 13

*Epstein v. Washington Energy Co.*,
83 F.3d 1136 (9th Cir. 1996) ................................................................ 6

*Everett v. State Farm Gen. Ins. Co.*,
162 Cal. App. 4th 649 (2008) .............................................................. 25

*Fraley v. Allstate Ins. Co.*,
81 Cal. App. 4th 1282 (2000) .............................................................. 25

*Franklin EWC, Inc. v. The Hartford Fin. Servs. Grp., Inc.*,
No. 20-cv-04434 JSC, 2020 U.S. Dist. LEXIS 174010, (N.D. Cal.
Sep. 22, 2020) ................................................................................*passim*

*Gavrilides Mgmt. v. Michigan Ins. Co.*,
No. 20-258-CB, 2020 Mich. Cir. LEXIS 395  (Cir. Ct. of the Cuty
Ingham, Mich. Jul. 21, 2020) .............................................................. 19

*George Gordon Enterp. Inc. v. AGCS Marine Ins. Co.*,
No. 21STCV02950 (Los. Angeles Cty. Sup. Ct. Jun. 1, 2021) ........... 16

*Gym Mgmt. Srvs. Inc. v. Vantapro Specialty Ins. Co.*,
No. CV 20-9541-GW-KSx, 2021 WL 647528, (Feb. 1, 2021) ........... 16

*Islands Restaurants, LP v. Affiliated FM Ins.*,
Case No. 3:20-CV-02013-H-JLB, (S.D. Cal. Apr. 2, 2021) ........ 17, 24

*Jernigan v. Nationwide Mut. Ins. Co.*,
No. C 04-5327 PJH, 2006 WL 463521, (N.D. Cal. Feb. 27, 2006) .... 12

iii

*Lehigh Valley Baseball, L.P. v. Philadelphia Indem. Ins. Co.*,
   No. 00958 (Philadelphia Cty. Ct. Comm. Pleas, Pa. Jun. 17, 2021) .................... 9

*Love v. Fire Ins. Exch.*,
   221 Cal. App. 3d 1136 (1990) ........................................................................ 7, 25

*Mark's Engine Co. No. 28 Restaurant, LLC v. The Travelers Indem.
   Co. of Conn. et al.*, No. 2:20-cv-04423-AB-SK, 2020 U.S. Dist.
   LEXIS 188463, (C.D. Cal. Oct. 2, 2020) ........................................................... 11

*Marzec v. California Pub. Employees Ret. Sys.*,
   236 Cal. App. 4th 889 (2015) ............................................................................. 8

*Mayssami Diamond, Inc. v. Travelers Cas. Ins. Co. of Am.*,
   No. 3:20-cv-01239-AJB-RBB, 2021 U.S. Dist. LEXIS 63008 (S.D.
   Cal. Mar. 30, 2021) ..................................................................................... 20, 22

*Meridian Textiles, Inc. v. Indem. Ins. Co. of N. Am.*,
   No. CV 06-4766 CAS, 2008 WL 3009889, (C.D. Cal. Mar. 20,
   2008) .................................................................................................................. 15

*Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*,
   (N.D. Ca. Sep. 11, 2020) ................................................................................... 24

*MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*,
   187 Cal. App. 4th 766 (2010) ...................................................................... 14, 15

*Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*
   No. 20-cv-03213-JST, 2020 WL 5525171, (N.D. Cal. Sep. 14,
   2020) ............................................................................................................ 22, 23

*Musso & Frank Grill Co. v. Mitsui Sumitomo Ins. Inc.*,
   No. 20STCV16681, 2020 WL 7346569, (Cal. Super. Ct. Nov. 9,
   2020) .............................................................................................................. 8, 19

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ............................................................................... 6

*Opsal v. United Servs. Auto. Ass'n*,
   2 Cal. App. 4th 1197 (1991) ......................................................................... 25, 26

*Oral Surgeons, P.C.*,
   2020 WL 5820552 .............................................................................................. 24

Dentons US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
(415) 882 5000

iv

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

*Out West Rest. Group, Inc. v. Affiliated FM Ins. Co.*,
2021 WL 1056627 (N.D. Cal. March 19, 2021) ..................................... 16

*Palmer v. Truck Ins. Exch.*,
21 Cal. 4th 1109 (1999) .................................................................. 8, 12

*Pappy's Barber Shops, Inc. et al. v. Farmers Group, Inc. et al.*,
Case No. 20-CV-907-CAB-BLM, 2020 WL 5500221, (S.D. Cal.
Sep. 11, 2020) ........................................................................... 22, 24

*Peanut Wagon Inc., v. Allianz Global Corporate & Specialty*,
Case No. CGC-20-585661, (Sup. Ct. San Francisco, CA Apr. 26,
2021) ................................................................................................ 20

*Pez Seafood DTLA, LLC v. Travelers Ind. Co.*,
2021 WL 234355 (C.D. Cal. Jan. 20, 2021) .......................................... 8

*Protégé Rest. Partners LLC v. Sentinel Ins. Co.*,
2021 WL 428653 (N.D. Cal. Feb. 8, 2021) .......................................... 16

*Protégé Restaurant Partners LLC v. Sentinel Ins. Co. Ltd.*,
2021 U.S. Dist. LEXIS 24835 (N.D. Cal. Feb. 8, 2021) ................... 18, 24

*Roug v. Ohio Sec. Ins. Co.*,
182 Cal. App. 3d 1030 (1986) ............................................................. 8

*Seifert v. IMT ins. Co.*,
495 F. Supp. 3d 747 (D. Minn. 2020) ........................................ 16, 18, 22

*Sierra Pac. Power Co. v. Hartford Steam Boiler Inspection & Ins. Co.*,
665 F.3d 1166 (9th Cir. 2012) ............................................................ 15

*Simon Mktg. v. Gulf Ins. Co.*,
149 Cal. App. 4th 616 (2007) ............................................................. 15

*Sky Flowers, Inc. v. Hiscox Ins. Co., Inc.*,
2021 WL 1164473, at *3 (C.D. Cal. March 26, 2021) .......................... 14

*Stephens v. Liberty Mut.*,
2008 WL 480287 (N.D. Cal. Feb. 19, 2008) ........................................ 13

*Steven Baker and Melania Kang d/b/a Choloe's Café v. Oregon Mut.
Ins. Co.*, Case No. 3:20-cv-05467 (N.D. Cal. Jan. 4, 2021) ................ 21

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882.5000

v

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

*Syufy Enters. v. Home Ins. Co. of Indiana*,
    1995 WL 129229, at *2 (N.D. Cal. Sept. 14, 2020) ............................... 22

*Times Media Private Ltd. v. "Ville De Mimosa," FTS Int'l*,
    2004 U.S. Dist. LEXIS 14090 (C.D. Cal. Feb. 27, 2004) ........................ 6, 19

*Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*
    2020 WL 6156584 (C.D. Cal. Oct. 19, 2020) ................................... 9, 16

*Travelers Cas. Ins. Co. v. Geragos & Geragos*,
    2021 U.S. Dist. LEXIS 82805 (C.D. Cal. Apr. 27, 2021) ......................... 15

*Tribeca Companies, LLC v. First American Title Ins. Co.*,
    239 Cal. App. 4th 1088 (2015) ................................................ 7

*Turner v. City & Cty. Of San Francisco*,
    788 F.3d 1206 (9th Cir. 2015) ................................................ 6

*United States v. Westlands Water Dist.*,
    134 F. Supp. 2d 1111 (C.D. Cal. 2001) ........................................ 8

*Unmasked Management, Inc. v. Century-National Insurance*
    *Company*, 2021 WL 242979 (S.D. Cal. Jan. 22, 2021) .......................... 16

*VStyles Inc. v. Continental Casualty Co.*,
    Case No. RIC-2003415, (Superior Ct. of Riverside Cty,
    Dec. 23, 2020) ............................................................... 21

*Waller v. Truck Ins. Exch.*,
    11 Cal. 4th 1 (1995) ........................................................ 24

*Wellness Eatery La Jolla LLC v. The Hanover Insurance Group*,
    2021 WL 389215 (S.D. Cal. Feb. 3, 2021) ..................................... 16

*Westside Head & Neck v. The Hartford Financial Services Group*,
    *Inc.*, 2021 WL 1060230 (C.D. Cal. March 19, 2021) .......................... 15

## <u>S</u><u>TATUTES</u>

Califronia Civil Code § 1638 ...................................................... 8, 12

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

vi

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

1

## <u>RULES AND REGULATIONS</u>

2

Federal Rules of Civil Procedure

    Rule 12(b)(6) ........................................................................................... 6

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

Case No. 3:21-cv-01096-LAB-AGS

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

Dentons US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
(415) 882-5000

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I   INTRODUCTION**

This action arises out of the coronavirus pandemic and related orders by government officials requiring the closure of non-essential businesses to prevent further spread of the disease.  Plaintiffs seek insurance coverage for lost business income caused by the COVID-19 pandemic and related orders.  Their Complaint fails to allege any basis for coverage under the terms of Nationwide's insurance policy, for at least four reasons.

First, the policy contains a Virus Exclusion that expressly excludes any "loss or damage" caused by or resulting from "any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." (*See* Compl. Ex. 1., Policy at 41.)  The exclusion "applies to all coverage under all forms and endorsements that comprise Coverage Part of Policy, including … to buildings or personal property and forms or endorsements that cover business income, extra expense or action of civil authority." (*Id.*)  Hence, any economic losses resulting from the coronavirus pandemic are excluded from coverage.  Contrary to Plaintiffs' assertion, the related governmental closure orders are not a separate cause of their loss.  They are one and the same.  At the root of it all is the virus:  a risk that is expressly excluded from coverage.  *See Franklin EWC, Inc. v. The Hartford Fin. Servs. Grp., Inc.,* 488 F. Supp. 3d 904, 907 (N.D. Cal. Sep. 22, 2020).

Second, and alternatively, the policy contains an Acts or Decisions Exclusion that expressly excludes any "loss or damage" caused by or resulting from "[a]cts or decisions, including the failure to act or decide, of any person, group, organization or government body." (Compl. Ex. 1., Policy at 49.)  Thus, even if the governmental closure orders are a separate cause of the Plaintiffs' loss (which they are not), there would still be no coverage because the cause of loss would be an excluded governmental act.

1

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

Third, notwithstanding the Virus Exclusion and the Acts or Decisions Exclusion, the Policy's Civil Authority Coverage does not apply here.  The Civil Authority Coverage requires "direct physical loss" that "causes damage to property other than property at the [insured] premises," that is located within three miles of the insured property.  (Compl. Ex. 1., at 16, 33.)  As virtually every California court to have addressed these issues has held, business losses arising from the pandemic involve no "direct physical loss" or "damage" to any property.  *See 10E, LLC v. Travelers Indem. Co. of Connecticut*, No. 2:20-cv-04418-SVW-AS, 2020 U.S. Dist. LEXIS 156827 (C.D. Cal. Aug. 28, 2020).

Fourth, the Policy's Business Income Coverage and Extra Expense Coverage require "direct physical loss" to property.  (Compl. Ex. 1., at 16, 32-.)  Plaintiffs fail to plead facts explaining how the restrictive orders issued in response to the spread of an infectious disease throughout the United States could have resulted in any tangible physical loss or damage to their business premises.

Because Plaintiffs have failed to plead facts establishing coverage they cannot prevail under theories of breach of contract or breach of the covenant of good faith and fair dealing.  The allegations in the Complaint do not establish a plausible basis for relief in the face of the Policy's clear and unambiguous provisions.  Accordingly, the Complaint should be dismissed in its entirety.

## II      FACTUAL BACKGROUND

### A.      Background

Plaintiffs operate, manage, and/or control the restaurants Mille Fleurs and Bertrand at Mister A's, in San Diego County.  (Compl., Parties ¶¶ 1-2.)[1]  They commenced this action on May 4, 2021 against Nationwide, purporting to seek coverage under a commercial property insurance policy for alleged business losses resulting from the restrictive governmental orders issued in response to the

---

[1] The numbering in Plaintiffs' Complaint restarts at 1 under the "Parties" heading. Nationwide will use the same numbering as Plaintiffs for the Court's convenience.

coronavirus pandemic.  (*See* Compl. ¶¶ 24-26, 29.)  The Complaint alleges that Plaintiffs' losses resulting from the suspension of its business operations were caused by COVID-19 and the government restrictive orders.  (*Id.* ¶¶ 33-34.)  In response to Plaintiffs' claim for lost business income, Nationwide allegedly declined coverage based on various policy provisions.  (*Id.* ¶¶ 36-37.)

### B.  Contract Language at Issue

#### 1.  Civil Authority Coverage

Nationwide's Policy includes coverage for certain losses related to the action of a civil authority ("Civil Authority Coverage").  The Civil Authority Coverage provides that:

> When a *Covered Cause of Loss* causes *damage to property other than property at the described premises*, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:
>
> > (1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the *described premises are within that area but are not more than one mile from the damaged property*; and
> >
> > (2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

(Compl. Ex. 1., Policy at 33.)[2] (emphasis added).

The Policy defines "Covered Causes of Loss" as risks caused by "direct physical loss of or damage," unless otherwise limited or excluded by the Policy. (*Id* at 16.)  Hence, the Civil Authority Coverage requires Plaintiffs to establish that a civil authority barred access to their premises in response to *direct physical loss*

---

[2] California — Civil Authority Change(s) Endorsement provides that "[w]ith respect to described premises located in California, such one-mile radius is replaced by three miles … subject to all other provisions of that Additional Coverage.  (Compl. Ex. 1. Policy, at 58.)

3

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

*or damage* to other property, and further that the loss does not fall within any Policy exclusion.  (*Id.*)

## 2.   Business Income and Extra Expense Coverage

Plaintiffs also seek to rely on a portion of the Policy that provides coverage for certain lost business income ("Business Income Coverage") (Compl. ¶ 1), if Plaintiffs' operations are suspended as a result of "direct physical loss" to the insured premises.  (Compl. Ex. 1., Policy at 32.)  The Business Income Coverage provides that Nationwide:

> [W]ill pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration."  *The "suspension" must be caused by direct physical loss of or damage to property at [the described premises].*  The loss or damage must be caused by or result from a Covered Cause of Loss.

(Compl. Ex. 1., Policy at 32) (emphasis added).

Similarly, the Policy's Extra Expense Coverage states that Nationwide will pay "necessary expenses you incur during the 'period of restoration' that you would not have incurred  "*if there had been no direct physical loss of or damage" to property at the described premises*.  (*Id.*)  For Extra Expense Coverage to apply, the loss or damage must be "caused by or result from a *Covered Caused of Loss*.  (*Id.*) (emphasis added).  Therefore, in all cases, direct *physical* loss of or damage to property is a prerequisite to coverage.

## 3.   Virus Exclusion

Critically, the Policy contains an express and unambiguous exclusion that precludes coverage for any loss or damage caused by or resulting from any virus ("Virus Exclusion"):

> [W]ill not pay for loss or damage caused by or resulting from *any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.*

Dentons US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
(415) 882 5000

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

(Compl. Ex. 1, Policy at 41.) (emphasis added).  Thus, any purported loss resulting from a virus, including the coronavirus, is not covered.  (*Id.* at 30, 55.)

### 4.    Acts or Decisions Exclusion

Additionally, and independently, the Policy contains an express and unambiguous exclusion that precludes coverage for acts or decisions ("Acts or Decisions Exclusion").  The "Exclusions" section states that Nationwide:

> [W]ill not pay for loss or damage caused directly or indirectly by any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss..

> \*    \*        \*

> b. Acts or Decisions

> *Acts or decisions, including the failure to act or decide, of any person, group, organization or government body."*

(*Id* at 49) (emphasis added).

### 5.    Consequential Losses Exclusion

Finally, the Policy contains the following exclusion for Consequential Losses:  "We will not pay for loss or damage caused by or resulting from any … [d]elay, loss of use or loss of market."  (*Id.* at 48.)

## C.    **The Lawsuit**

Plaintiffs' lawsuit arises from government restrictive orders issued in response to the coronavirus pandemic.  (Compl. ¶¶ 24-29; *see also* Compl. Ex. 2-5.) Plaintiffs allege that "COVID-19 was present in property and spaces in the area immediately surrounding the Insured Property" and that the "necessary suspension of Plaintiff's business operations caused by the [the government restrictive orders] constitute a Covered Cause of Loss."  (Compl. ¶¶ 33-34.)

Plaintiffs assert claims for breach of contract (Count I) and breach of the implied covenant of good faith and fair dealing (Count II).  (*Id.* ¶¶ 38-64.)

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

### III    LEGAL STANDARD

A court must dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the facts alleged do not entitle the plaintiffs to relief.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must "state a claim to relief that is plausible on its face.")  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).  The Federal Rules "demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. 544, 555 (2007)).  "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Although "a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party," *Turner v. City & Cty. Of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015), "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Times Media Private Ltd. v. "Ville De Mimosa," FTS Int'l*, 2004 U.S. Dist. LEXIS 14090, at *7 (C.D. Cal. Feb. 27, 2004) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1139 (9th Cir. 1996)).  Moreover, "'naked assertion[s]' devoid of 'further factual enhancement' do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### IV    LEGAL ARGUMENT

As a matter of law, Plaintiffs cannot establish a covered loss under the Policy.  Accordingly, the Court should dismiss the Complaint in its entirety.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882.5000

### A.    **Plaintiffs Have Not Alleged A Basis For Coverage.**

To prevail on a breach of contract claim, Plaintiffs must establish "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Tribeca Companies, LLC v. First American Title Ins. Co*., 239 Cal. App. 4th 1088, 1109 (2015) (citing *Bushell v. JPMorgan Chase Bank, N.A*., 220 Cal. App. 4th 915, 921 (2013).  Thus, "absent an actual withholding of benefits due, there is no breach of contract."  *Love v. Fire Ins. Exch*., 221 Cal. App. 3d 1136, 1151 n.10 (1990) (quotation omitted).

Here, Plaintiffs cannot establish a breach of the Policy as a matter of law, for at least four reasons.  First, the Policy's clear and unambiguous Virus Exclusion precludes coverage for losses resulting from a virus.  Second, the Policy's clear and unambiguous Acts or Decisions Exclusion precludes coverage for losses resulting from government actions.  Third, there is no basis for coverage under the Policy's Civil Authority Coverage because, *inter alia,* Plaintiffs fail to allege any loss of business income or expenses caused by civil authority action that was "due to direct physical loss of or damage to property."  Finally, the Policy's Business Income Coverage and Extra Expense Coverage do not apply because Plaintiffs fail to allege the requisite "direct physical loss of or damage to" their property.

### 1.    The Virus Exclusion Bars Coverage as a Matter of Law.

Nationwide's Policy contains a clear and unequivocal Virus Exclusion excluding coverage "for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease."  (Compl. Ex. 1., Policy at 55.)  Plaintiffs cannot invalidate the plain terms of the Policy with unsupported conclusory assertions that contradict the Policy's express terms.  *See Iqbal*, supra, 556 U.S. at 678; *see also United States v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1141 (C.D. Cal. 2001) ("[I]n no event may extrinsic evidence be employed to contradict explicit contract language or to drain an agreement's text of all content save ink and

7

paper.") (citations omitted); *Palmer,* 21 Cal. 4th at 1115 (when policy language "is clear and explicit," the language governs); *Marzec v. California Pub.  Employees Ret. Sys.*, 236 Cal. App. 4th 889, 909 (2015) (accord); *Roug v. Ohio Sec.  Ins. Co.*, 182 Cal. App. 3d 1030, 1035 (1986) (accord).  Rather, under settled California law, the terms of an insurance policy must be given their "ordinary and popular sense," and if the policy language is "clear and explicit," it governs.  *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115–17 (1999) (quotation marks omitted); Cal. Civ. Code § 1638.

Courts in California and nationwide have applied virus exclusions to preclude recovery for economic losses resulting from the coronavirus pandemic as a matter of law.  *See, e.g., Pez Seafood DTLA, LLC v. Travelers Ind. Co.,* 2021 WL 234355, at *2, 7 (C.D. Cal. Jan. 20, 2021) ("Plaintiff cannot escape that a virus is the root cause of the Orders.  'Pandemic' merely describes the geographical scope and effect of the virus on the population.  Whether a global pandemic or a single infection, the Virus Exclusion clearly and unambiguously applies, as courts applying similar virus exclusions to COVID-19 have consistently found.") (citations omitted); *Musso & Frank Grill Co. v. Mitsui Sumitomo Ins. Inc.*, No. 20STCV16681, 2020 WL 7346569, at *2 (Cal. Super. Ct. Nov. 9, 2020) (Bachner J.) ("Plaintiff failed to allege facts suggesting its claim would not fall within the Virus Exclusion .  .  .  given Plaintiff's allegations demonstrate the Public Health Orders that caused Plaintiff's closure were in response to the spread of the virus COVID-19"); *10E, LLC v. Travelers Indem. Co. of Conn.*, 500 F. Supp. 3d 1070, 1074 (C.D. Cal. Nov. 13, 2020) ("10E No. 2") ("Plaintiff also argues that the language of the virus exclusion indicates that it does not apply to losses caused only indirectly by business restrictions during the pandemic .  .  .  .  This argument would stretch the virus exclusion beyond its plain meaning."); *Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*, No. 2:20-cv-03619, 2020 WL 6156584, at *4 (C.D. Cal. Oct. 19, 2020) ("The Virus Exclusion Provision, which explicitly applies

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

to civil authority coverage, also explicitly excludes loss or damage resulting from a virus").[3]

---

[3] *See Lehigh Valley Baseball, L.P. v. Philadelphia Indem. Ins. Co.*, No. 00958, at 9 (Philadelphia Cty. Ct. Comm. Pleas, Pa. Jun. 17, 2021) ("[e]ven if such contamination constituted physical loss or damage, coverage for such loss or damage, and the resulting business income, is clearly barred by the Policies' Virus Exclusion because such 'loss or damage was caused by or resulted from a virus, bacterium or other microorganism that induces or is capable of including physical distress, illness or disease") (RJN, Ex. G) ; *100 Orchard St. LLC v. Travelers Indem. Ins. Co. of Am.*, 2021 WL 2333244, at *2 (S.D.N.Y. Jun. 8, 2021) ("it follows that [the plaintiff's] business losses were plainly" excluded by the virus exclusion"); *Cadeceus LLC v. Scottsdale Ins. Co.*, 2021 WL 2206468, at *1-2 (W.D. Wash. June 1, 2021) (finding that, even if the policies provided coverage, a Virus exclusion would subsequently bar coverage); *RDS Vending LLC v. Union Ins. Co.*, No. CV 20-3928, 2021 WL 1923024, at *6 (E.D. Pa. May 13, 2021) (finding virus "exclusion is fatal to [the coverage] claims"); *Dental Experts, LLC v. Mass. Bay Ins. Co.*, No. 20 C 5887, 2021 WL 1722781, at *4 (N.D. Ill. May 1, 2021) (any business income loss … suffered due to a shutdown order resulted from the virus"); *Tang's Inc. v. Scottsdale Ins. Co.*, No. 6:20-CV-2356, 2021 WL 1940291, at *2 (M.D. Fla. Apr. 16, 2021) (dismissing complaint with prejudice based on the policy's virus exclusion); *Paul Glat MD, PC, v. Nationwide Mut. Ins. Co.*, No. 2:20-CV-05271, 2021 WL 1210000, at 7 (E.D. Pa. Mar. 31, 2021) (The insured "does not claim that the virus contaminated its property. Nor does it allege any damage to its property that caused it to suspend operations. If it did, the virus exclusion would bar coverage"); *Pane Rustica, Inc. v. Greenwich Ins. Co.*, 2021 WL 1087219, at *2 (M.D. Fla. March 22, 2021) ("district courts around the country have almost universally dismissed with prejudice claims for loss due to COVID-19 shutdowns based on identical or substantially similar virus exclusions") (citations omitted); *Body Physics v. Nationwide Ins. Co.*, 2021 WL 912815, at *5 (D.N.J. March 10, 2021) ("Numerous courts have considered similar exclusions and found them to be unambiguous and clearly applicable to COVID-19, which is caused by a coronavirus that causes physical illness and distress") (internal citations and quotations omitted); *Mashallah, Inc. v. West Bend Mutual Ins. Co.*, 2021 WL 679227, at *3-4 (N.D. Ill. Feb. 22, 2021) (finding that the "business losses no doubt 'result from' COVID-19, which is a virus"); *Whiskey Flats Inc. v. Axis Ins. Co.*, 2021 WL 534471, at *4 (E.D. Pa. Feb. 12, 2021) ("Even if Plaintiff's claimed losses fell within the grant of coverage under the Business Income or Civil Authority provisions, the Virus Exclusion would still prevent recovery"); *Causeway Automotive, LLC v. Zurich American Ins. Co.*, 2021 WL 486917, at *7 (D. N.J. Feb. 10, 2021) ("The Executive Orders were issued for the sole reason of reducing the spread of the virus that causes COVID-19 and would not have been issued but for the presence of the virus in the State of New Jersey") (citations omitted); *Eye Specialists of Del. v. Harleysville Worchester Ins. Co.*, No. 20-cv-6386, 2021 WL 506270, at *4 (Ct. Com. Pl. Ohio Feb. 1, 2021)(rejecting the plaintiff's argument that a "pandemic" differed from a "virus" and concluding that COVID-19, not a governmental order, caused the plaintiff's business interruptions); *Mena Catering, Inc. v. Scottsdale Ins. Co.*, 2021 WL 86777, at *8 (S.D. Fla. Jan. 11, 2021) ("This Court and other courts across the country have dismissed with prejudice claims based on substantially similar or identical virus exclusions contained within the policies"); *Edison Kennedy, LLC v. Scottsdale Ins. Co.*, 2021 WL 22314, at *6-7 (M.D. Fla. Jan. 4, 2021) ("Because the pandemic was, at the very least, a contributing cause to the loss and because the virus exclusion by its terms applies to all elements of coverage, including the additional coverage under civil authority, the exclusion applies to the claims for loss in this case"); *Newchops Rest. Comcast LLC v. Admiral Ind. Co.*, 2020 WL 7395153, at *8 (E.D. Pa. Dec. 17, 2020) ("In an attempt to circumvent this exclusion, the insureds argue that the cause of their losses and damages is the shutdown orders, not the COVID-19 virus. This effort fails"); *AFM Mattress Co., LLC v. Motorists Commercial Mut. Ins. Co.*, 2020 WL 6940984, at *2-3 (N.D. Ill. Nov. 25, 2020) ("In this case, the governments issued shutdown orders in response to the virus, and an excluded cause of loss. Without a covered cause of loss, there is no civil authority coverage"); *Toppers Salon & Health Spa, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2020 WL 7024287, at *3 (E.D. Pa. Nov. 30,

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

9

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

Because Plaintiffs' alleged loss arises from the coronavirus pandemic and resulting closure orders, the Virus Exclusion applies on its face. Their attempt to circumvent the clear language of the Virus Exclusion by asserting that "the necessary suspension of Plaintiff's business operations caused by the Orders constitute a Covered Cause of Loss," does not change this result. (Compl. ¶ 34.) As Plaintiffs acknowledge, the government orders were issued "to protect the public" and "as a result of the coronavirus outbreak." (*Id.* ¶¶ 24-29.); *see also Baker v. Oregon Mut. Ins. Co.*, No. 20-cv-05467, 2021 WL 1145882, at *5 (N.D. Cal. March 25, 2021) ("the shutdown orders were issued to stop the spread of COVID-19 and were not about loss of or damage to property"). Indeed, Resolution Number R-312895, attached to Plaintiffs' Complaint expressly states that "the Mayor proclaimed the existence of a local emergency as a result of the coronavirus COVID-19 outbreak." (Compl. Ex. 2, at 1.) Irrespective of any artful pleading efforts, Plaintiffs' alleged losses plainly resulted from a *virus*.

Plaintiffs' attempt to recharacterize their loss was squarely rejected in *Franklin EWC,* 488 F. Supp. 3d at 907-08. There, a salon sought coverage for business interruption losses under a policy that contained a virus exclusion. *Id.* at 906. In an effort to avoid the exclusion, the insured argued the loss was caused by the closure orders, as opposed to the virus. *Id.* at 907-08. The District Court

2020) (The virus exclusion "is not ambiguous, and it applies to Covid-19, which is caused by a coronavirus that causes physical illness and distress"); *Chattanooga Professional Baseball, LLC v. National Cas. Co.*, No. CV-20-01312-PHX-DLR, 2020 WL 6699480, at *2 (D. Ariz. Nov. 13, 2020) ("Plaintiffs' attempt to create a question of fact by arguing it is unclear whether their losses were caused by the government's orders in response to the virus or the virus itself, is unavailing.") (internal citations omitted); *Goodwill Indus. of Central Oklahoma, Inc. d/b/a Goodwill Career Pathways Inst. v. Philadelphia Indem. Ins. Co.*, 499 F. Supp. 3d 1098, 1104 (W.D. Okla. 2020) ("Even if the Court applied an expansive definition of direct physical loss, as Goodwill requests, its claim is still subject to dismissal because the Virus Endorsement expressly excludes coverage. The Virus Endorsement provides that 'there is no coverage under such insurance for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.' By its terms, the exclusion applies because COVID-19 is a virus that 'is capable of inducing physical distress, illness or disease.'") (internal citations omitted); *Real Hosp., LLC v. Traveler's Cas. Ins. Co. of Am.*, 499 F. Supp. 3d 288, 297(S.D. Miss. 2020) ("the virus exemption applies here and precludes all coverage").

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

10

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

rejected the argument as "nonsense," explaining "the Closure Orders cannot have been issued as a result of the Closure Orders; instead … they were issued as the direct results of COVID-19—a cause of loss that falls squarely within the Virus Exclusion." *Id.* at 908.  Accordingly, the court held the Virus Exclusion barred recovery.

Judge Andre Birotte, Jr. of the Central District reached the same conclusion: "Plaintiff's FAC clearly demonstrates that all alleged loss or damage was both caused by and resulted from the novel coronavirus.  The FAC alleges that Mayor Garcetti issued the order because of 'the dire risks of exposure with the contraction of COVID-19 and evidence of physical damage to property.'  .  .  .  The virus exemption applies here and precludes all coverage." *Mark's Engine Co. No. 28 Restaurant, LLC v. The Travelers Indem. Co. of Conn. et al.,* 492 F. Supp. 3d 1051, 1057 (C.D. Cal.  2020).

The same result is required here.  The governmental orders were issued as a direct response to the coronavirus pandemic. *See e.g. Beach Glo Tanning Studio Inc. v. Scottsdale Ins. Co.*, Case No. 3:20-CV-13901 (BRM) (ZNQ), 2021 WL 2206077, at *7 (D.N.J. May 28, 2021) ("the starting cause, *i.e.*, COVID-19, is not a Covered Cause of Loss because of the Virus Exclusion" and "[t]he end cause, which [the insured] claims to be the Closure Orders, is not a Covered Cause of Loss either.")  Without the coronavirus pandemic, the government would not have issued the restrictive orders.  The Virus Exclusion plainly applies to bar coverage. *See e.g. Mark's Engine,* 492 F. Supp. 3d 1057.

2. <u>The Acts or Decisions Exclusion Also Bars Coverage.</u>

Plaintiffs' claims also fail because the Policy contains an unambiguous Acts or Decisions exclusion. *See e.g. Palmer*, 21 Cal. 4th at 1115-17 (the terms of an insurance policy must be given their "ordinary and popular sense," and if the policy language is "clear and explicit," it governs.); Cal. Civ. Code § 1638 ("The language

of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

The Acts or Decisions Exclusion excludes coverage for "[a]cts or decisions, including the failure to act or decide, of any person, group, organization or government body." (Compl. Ex. 1., Policy at 49.) Courts applying California law have held that such exclusions are unambiguous and bar coverage for loss or damage caused by an act or omission of any person, governmental body or organization. *See Jernigan v. Nationwide Mut. Ins. Co.*, No. C 04-5327 PJH, 2006 WL 463521, at *10-11 (N.D. Cal. Feb. 27, 2006) (Acts or Decisions exclusion applied to loss caused by, among other acts or decisions, a town's "stop-work order"); *Stephens v. Liberty Mut.*, No. C 05-0213 PJH, 2008 WL 480287, at *21 (N.D. Cal. Feb. 19, 2008) (finding that Acts or Decisions exclusion "logically includes 'acts or decisions' of third parties" and bars coverage for physical damage to building caused by actions of contractor); *Duarte & Witting, Inc. v. Universal Underwriters Ins. Co.*, No. C-05-1315 MHP, 2006 WL 2130743, at *11 (N.D. Cal. July 27, 2006), aff'd, 291 F. App'x 807 (9th Cir. 2008) (applying Acts or Decisions exclusion and noting that "third party actions are also specifically excluded under the terms of the current policy").

Here, Plaintiffs assert that the "Orders prohibited and limited access to the Insured Properties" and prevented the business from operating which is a physical loss." (Compl. ¶¶ 31, 34.) Accordingly, the Acts or Decisions exclusion also applies to defeat Plaintiffs' claims. *See Florexpo LLC v. Travelers Property Cas. Co. of Am.*, Case No. 20-CV-1024 JLS (DEB), 2021 WL 857004, at *6 (S.D. Cal. Mar. 8, 2021) ("that the Acts or Decisions Exclusion applies to exclude Plaintiffs' claims" arising from pandemic response orders because "the governmental action was the direct cause of the loss for which Plaintiffs seek relief in the Coverage Claim"); *Paul Glat MD*, 2021 WL 1210000, at *7 ("The unequivocal language of the[] exclusion makes it clear that [the insurer] will not pay for any loss or damage

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

caused by a government act or decision, .... That is what happened here. The shutdown orders were decisions by state and local governments regulating business operations at the insured property").

3.   The Civil Authority Coverage Does Not Apply.

Independently, the breach of contract claim also fails because Plaintiffs have alleged no facts showing that it sustained a loss falling within one of the Policy's insuring clauses.

As explained above, the Policy's Civil Authority Coverage can only be implicated when the insured suffers loss of business income or expenses caused by action of civil authority that are "due to direct *physical loss of or damage to property … caused by or resulting from a Covered Cause of Loss.*" (Compl. Ex. 1., Policy at 33.) (emphasis added). *See Franklin EWC, Inc.,* 488 F. Supp. 3d at 908 ("the Civil Authority Provision does not create coverage, it 'extends' coverage when the civil authority orders are issued 'as a direct result of a Covered Cause of Loss to property in the immediate area.'"). The Policy defines "Covered Causes of Loss" as risks caused by "*direct physical loss,*" unless otherwise limited or excluded by the Policy. (Compl. Ex. 1., Policy at 16.)

Plaintiffs fail to allege any "Covered Cause of Loss" because (1) the loss falls within the Virus Exclusion (discussed above), (2) the loss falls within the Acts or Decisions Exclusion (discussed above), and (3) the Complaint alleges no "direct physical loss." The Complaint contains no plausible allegations of physical loss of or damage to the insured property. (Compl. ¶¶ 16, 31); *see Franklin EWC, Inc.,* 488 F. Supp. 3d at 908 ("there is nothing in the complaint that supports an inference that … the Closure Orders *themselves* caused damage to neighboring property").

Under California law, there must be "a distinct, demonstrable, physical alteration of the property" to implicate coverage for direct physical loss. *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co*., 187 Cal. App. 4th 766, 779 (2010) (quotation marks omitted); *see also Sky Flowers, Inc. v. Hiscox*

Dentons US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
(415) 882 5000

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

*Ins. Co., Inc*., 2021 WL 1164473, at *3 (C.D. Cal. March 26, 2021) ("only a 'distinct, demonstrable, physical alteration' of property will amount to physical loss or damage that may trigger coverage, and thus, alleging 'detrimental economic impact' alone is insufficient for recovery").  "For there to be a 'loss' within the meaning of the policy, some external force must have acted upon the insured property to cause a physical change in the condition of the property, *i.e.,* it must have been 'damaged' within the common understanding of that term." *Id.* at 780; *see also Ward Gen. Ins. Services, Inc. v. Employers Fire Ins. Co*., 114 Cal. App. 4th 548, 556 (2003) ("[T]he loss of the database, with its consequent economic loss, but with no loss of or damage to tangible property, was not a 'direct physical loss of or damage to' covered property[.]"); *Simon Mktg. v. Gulf Ins. Co*., 149 Cal. App. 4th 616, 623 (2007) ("[T]he threshold requirement for recovery under a contract of property insurance is that the insured property has sustained physical loss or damage."); *Sierra Pac.  Power Co. v. Hartford Steam Boiler Inspection & Ins. Co.,* 665 F.3d 1166, 1172 (9th Cir. 2012) (*quoting MRI Healthcare*, 187 Cal. App. 4th at 779) (italics added) ("California courts hold that 'direct physical loss 'contemplates an actual change in insured property then in a satisfactory state, occasioned by accident or other fortuitous event directly upon the property causing it to become unsatisfactory for future use or requiring that repairs be made to make it so.'"); *Meridian Textiles, Inc. v. Indem. Ins. Co.* of N. Am., No. CV 06-4766 CAS, 2008 WL 3009889, at *6 (C.D. Cal. Mar. 20, 2008) (direct physical loss or damage required "some *tangible change*" or "some *detectable physical change*") (emphasis added); 10A Couch on Ins. § 148:46, "Physical" loss or damage ("The requirement that the loss be 'physical,' given the ordinary definition of that term, is widely held to exclude alleged losses that are intangible or incorporeal and, thereby, to preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property").

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

14

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

1   As courts repeatedly have held in the context of coronavirus business losses,

2   alleged loss of use cannot substitute for physical loss.  *See Travelers Cas. Ins. Co.*

3   *v. Geragos & Geragos*, 2021 U.S. Dist. LEXIS 82805, at *11 (C.D. Cal. Apr. 27,

4   2021) ("courts in New York, California, and around the country have rejected the

5   argument that 'loss of use' of property caused by civil orders that temporarily

6   prohibit access to the property constitutes 'physical loss'") (citations omitted);

7   *Westside Head & Neck v. The Hartford Financial Services Group, Inc*., 2021 WL

8   1060230, at *5 (C.D. Cal. March 19, 2021) ("Temporary inability to use

9   commercial premises is not direct physical loss of property"); *Out West Rest.*

10  *Group, Inc. v. Affiliated FM Ins. Co.*, 2021 WL 1056627, at *4 (N.D. Cal. March

11  19, 2021) ("the virus fails to cause physical alteration of property because

12  temporary loss of use (if any) during a pandemic and while governmental orders are

13  in effect does not qualify as physical loss or damage"); *Daneli Shoe Co. v. Valley*

14  *Forge Ins. Co.*, 2021 WL 1112710, at *3 (S.D. Cal. March 17, 2021) ("the Stay at

15  Home orders do not amount to 'direct physical loss of' plaintiff's property . . .

16  because 'loss of' means 'permanent dispossession'"); *Protégé Rest. Partners LLC*

17  *v. Sentinel Ins. Co.*, 2021 WL 428653, at *4 (N.D. Cal. Feb. 8, 2021) ("Plaintiff's

18  claim that the Closure Orders prohibited customers' access to its property is not

19  sufficient to show permanent disposition"); *Wellness Eatery La Jolla LLC v. The*

20  *Hanover Ins. Group*, 2021 WL 389215, at *5 (S.D. Cal. Feb. 3, 2021) ("Plaintiffs

21  'cannot recover by attempting to artfully plead temporary impairment to

22  economically valuable use of property as physical loss or damage'"); *Gym Mgmt.*

23  *Srvs. Inc. v. Vantapro Specialty Ins. Co.*, No. CV 20-9541-GW-KSx, 2021 WL

24  647528, at *4 (C.D. Cal. Feb. 1, 2021) ("Because the Court finds [the insured] has

25  not suffered any 'direct physical loss of or damage to' its property, the Court also

26  finds that [the insured] is not entitled to any reimbursement under the Policy");

27  *Unmasked Mgmt., Inc. v. Century-Nat'l Ins. Co.*, 2021 WL 242979, at *4 (S.D. Cal.

28  Jan. 22, 2021) ("[T]he loss of use or functionality of the covered property alone is

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

1   not sufficient to trigger coverage"); *Geragos*, 2020 WL 6156584, at 8 (in-person

2   dining restrictions are not "'physical damage,' particularly when, as here, the

3   business was not even labeled 'non-essential'"); *Seifert v. IMT ins. Co.,* 495 F.

4   Supp. 3d 747, 751 (D. Minn. 2020) ("Actual physical contamination of the insured

5   property is still required.  Simply claiming 'mere loss of use or function' is not

6   enough"); *Rialto Pockets, Inc. v. Certain Underwriters at Lloyd's*, No. CV 20-7709

7   DSF (JPRx), 2021 WL 267850, at *2 (C.D. Cal. Jan. 7, 2021) ("Plaintiff has not

8   suffered *physical* loss in any articulable way" because "Plaintiffs are complaining

9   about a loss of intended use, not a physical loss of, or damage to, their property")

10   (emphasis in original); *Apple Annie, LLC v. Oregon Mut. Ins. Co.*, No. CGC-20-

11   585712, at 3 (Superior Ct. San Francisco Cty. Jun. 16, 2021) (RJN, Ex F) [4]

12   (granting motion for judgment on the pleadings without leave to amend because

13   "[t]he losses from the inability to fully use property do not amount to 'direct

14   physical loss of or damage to property'").  As the *Franklin* court held, "under the

15   plain language of the Civil Authority Provision, the order of a civil authority must

16   be caused by and therefore separate from the Covered Cause of Loss.  At bottom,

17   the Closure Orders cannot possibly be the same as the Covered Cause of Loss."

18   *See Franklin EWC, Inc.,* 488 F. Supp. 3d at 908.

19          In one of the first California decisions to consider these issues, the Honorable

20   Stephen Wilson addressed the direct physical loss requirement, holding that losses

21   resulting from the pandemic and related government shutdown orders do not meet

22   the "physical loss" requirement.  *See 10E, LLC v. Travelers Indemnity Co. of*

23   *Connecticut et al*., 2020 U.S. Dist. LEXIS 156827, at *12-13.  The Court explained:

---

[4] For ease of reference, Defendant's Request for Judicial Notice includes the referenced opinions
and transcripts that are not currently readily accessible on Westlaw or LexisNexis.  *See* Fed R.
Evid.  401; *Addington v. U.S. Airline Pilots Ass'n*, 791 F.3d 967, 978, n.6 (9th Cir. 2015) (taking
judicial notice of documents on file in federal or state courts) (citing *Harris v. Cnty. of Orange*,
682 F.3d 1126, 1131-32 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of
public record, including documents on file in federal or state courts.")); *see also Neilson v. Union
Bank of Cal., N.A*., 290 F. Supp. 2d 1101, 1113 (C.D. Cal. 2003) (court filings may be judicially
noticed) (citing Fed. R. Ev. 201)).

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882.5000

> [w]hatever physical alteration the virus may cause to property in general, nothing in the FAC plausibly supports an inference that the virus physically altered Plaintiff's property, however much the public health response to the virus may have affected business conditions for Plaintiff's restaurant. Even if Plaintiff could somehow recover for physical loss or damage to other property, such loss or damage could hardly qualify as "direct."

*Id.*; *see also Islands Rests., LP v. Affiliated FM Ins.*, Case No. 3:20-CV-02013-H-JLB, 2021 WL 1238872, at *3 (S.D. Cal. Apr. 2, 2021) ("The Court, in accordance with California law, interpreted such a trigger to require a 'distinct, demonstrable, physical alteration' to property for coverage to attach" and holding that "the restaurant owners' alleged temporary loss of the ordinary use of their properties did not satisfy this condition").

Numerous other courts went on to reach the same conclusion. *See, e.g., Hillcrest Optical, Inc.*, 2020 WL 6163142 , at 15 ("a reasonable insured would not understand a "direct physical loss of property" to have occurred as a consequence of the State's Order"); *Seifert*, 495 F. Supp. 3d at 752 (plaintiff's "claims fail to fall within the permissible realm of 'direct physical loss,' as he cannot allege facts showing his properties were actually contaminated or damaged by the coronavirus").  Indeed, "[e]very California court that has addressed COVID-19 business interruption claims to date has concluded that government orders that prevent full use of a commercial property or that make the business less profitable do not themselves cause or constitute 'direct physical loss of or damage to' the insured property."  *Protégé Rest. Partners LLC*,  2021 WL 428653, at *4; *see also Flowers Sisters LLC v. Great Am. Ins. Co.*, 2021 U.S. Dist. LEXIS 97184, at *8 (C.D. Cal. May 20, 2021) ("this Court and others have found that losses as a result of the closure of businesses due to the threat of COVID-19, as opposed to the actual physical entry of COVID-19 onto the premises, are not covered under similar business income loss provisions insurance policies"); *see also 644 Broadway LLC v. Falls Lake Fire and Casualty Co.*, Case No. 20-cv-08421-JST, 2021 U.S. Dist.

LEXIS 103508, at *11 (N.D. Cal. May 21, 2021) ("The Court is aware of no California decisions that have reached a contrary conclusion since the *Protégé* court decided the question.  To the contrary, courts continue to reach the same result.").[5]

Here, Plaintiffs not only fail to allege the physical presence of the virus anywhere on their property, but they do not attribute the impaired use of their property to any physical damage.  *See also Paul Glat MD*, 2021 WL 1210000, at *6

[5] *See also Plan Check Downtown III, LLC v. AmGuard Ins. Co., et al.*, No. 2:20-cv-06954, at 4-7 (ECF No. 31) (C.D. Cal. Sep.  16, 2020) (tentative ruling) (plaintiff's claims arising from losses from government restrictive orders in response to coronavirus "were not covered by the policy" because the insured did not suffer a "direct physical loss of or damage," and noting that a contrary "interpretation is not a reasonable one because it would be a sweeping expansion of insurance coverage without any manageable bounds"); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 487 F. Supp. 3d 834, 841 (N.D. Cal. Sep. 14, 2020)  ("Because [the] complaint contains no allegation of a physical force which 'induced a detrimental change in the property's capabilities,' the Court finds that [the plaintiff] has failed to establish a 'direct physical loss of property' under its insurance policy'"); *Selane Prods. v. Continental Cas. Co.*, No. 2:20-cv-07834-MCS-AFM (C.D. Cal., Nov. 24, 2020) (accord); *Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.*, Case No. 20-cv-03750-WHO, 2020 WL 6562332, at *8 (N.D. Cal. Nov. 9, 2020) ("preventative closure orders cannot support a causal link of direct physical loss of or damage to property…."); *Long Affair Carpet and Rug, Inc. v. Liberty Mutual Ins. Co. and Ohio Security Ins. Co.*, Case No. 8:20-cv-01713, 2020 LEXIS 220757, at *5 (C.D. Cal. Nov. 12, 2020) ("Under California law, losses from inability to use property do not amount to 'direct physical loss of or damage to property' within the ordinary and popular meaning of that phrase"); *Musso & Frank Grill Co.*, 2020 WL 7346569, at *3 ("Losses from inability to use property do not amount to direct physical loss of or damage to property; "there must be a 'distinct, demonstrable, physical alteration' of the property") (citing *MRI Healthcare Ctr. of Glendale, Inc.*, 187 Cal. App. 4th at 779); *Turek Enters., Inc. d/b/a Alcona Chiropractic*, 484 F. Supp. 3d 492, 502-504 (E.D. Mich. 2020) (granting defendant's motion to dismiss, with prejudice, because "'direct physical loss to Covered Property' is an unambiguous term that plainly requires Plaintiff to demonstrate some tangible damage to Covered Property" and "Plaintiff has failed to state such damage, the complaint does not allege a Covered Cause of Loss."); *Diesel Barbershop v. State Farm Lloyd's*, 479 F. Supp. 3d 353, 362 (W.D. Tex. 2020) ("While there is no doubt that the COVID-19 crisis severely affected Plaintiff's business, [the insurer] cannot be held liable to pay business interruption insurance on these claims as there was no direct physical loss"); *Rose's 1, LLC v. Erie Insurance Exchange*, No. Civ. 2020 CA 002424 B, 2020 D.C. Super. LEXIS 10, at *6 (D.C. Super. Ct., Aug. 6, 2020) (granting insurer's motion for summary judgment against claim for COVID-19 related losses because "the mayor's orders did not have any effect on the material or tangible structure of the insurer properties"; and explaining that "in the context of property insurance, the term 'direct loss' implies some form of direct physical change to the insured property."); *The Inns by The Sea v. Cal. Mutual Ins. Co.*, No. 20CV001274 (Cal. Super. Ct., Aug. 4, 2020) (sustaining a demurrer without leave to amend based on language of the policy, which included a requirement of direct physical loss); *Gavrilides Mgmt. v. Michigan Ins. Co.*, No. 20-258-CB, 2020 Mich. Cir. LEXIS 395, at *1 (Cir. Ct. of the Cty. Ingham, Mich. Jul. 21, 2020) (RJN, Ex. B, Hearing Transcript) (granting summary disposition without leave to amend against Plaintiff seeking recovery for COVID-19 damages because "plaintiff just can't avoid the requirement that there has to be something that physically alters the integrity of the property"); *Social Life Magazine, Inc. v. Sentinel Ins. Co. Ltd.*, No. 20 Civ. 3311 (VEC) (S.D.N.Y. May 14, 2020) (RJN, Ex. A, Hearing Transcript at 5, 15) (COVID-19 "damages lungs," "[i]t doesn't damage printing presses" or other property, and "this is just not what's covered under these insurance policies").

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

Dentons US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
(415) 882 5000

("There was no physical loss or damage to [the insured's] or others' properties alleged in the amended complaint. Thus, because it has not alleged facts showing a 'direct physical loss of or damage to' its own or others' properties, [the insured] has not established coverage under the civil authority, business income or extra expense provisions.")  Instead, Plaintiffs blithely assert that "COVID-19 was present in property and spaces in the area immediately surrounding the Insured Property, thereby causing physical damage and physical loss."  (Compl. ¶ 33.)  Such conclusory allegations regarding the purported "physical damage and physical loss" cannot save the Complaint from dismissal."  *See Times Media Private Ltd.*, 2004 U.S. Dist. LEXIS 14090, at *7 ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss") (citing *Epstein*, 83 F.3d at 1139); *see also Mayssami Diamond, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 3:20-cv-01239-AJB-RBB, 2021 U.S. Dist. LEXIS 63008, at *11 (S.D. Cal. Mar. 30, 2021) ("the Policy contains a broad exclusion of coverage from any 'loss or damage caused by or resulting from any virus.... [t]his exclusion applies, and takes any damage resulting from any virus out of the Policy's scope of coverage"); *Peanut Wagon Inc., v. Allianz Global Corporate & Specialty*, Case No. CGC-20-585661, at 3 (Sup. Ct. San Francisco, CA Apr. 26, 2021) (Schulman, J.) (RJN, Ex. D) (granting motion for judgment on the pleadings based on lack of physical loss or damage because "[t]here are no ultimate facts pleaded regarding how the presence of the coronavirus in and around plaintiffs' premises physically altered the premises or caused a direct physical loss of property. Plaintiffs' allegations of 'physical damage' are totally conclusory.") Similarly, Plaintiffs' assertion that they were "required to make substantial detrimental alterations" to their properties cannot advance their claims because Plaintiffs have failed to allege any facts regarding the purported alterations. Plaintiffs do not assert what property was lost, damaged, or altered, or what repairs were required to remedy the loss or damage.  Indeed, Plaintiffs do not even

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

NATIONWIDE'S NOTICE OF MOTION
AND MOTION TO DISMISS

distinguish between their various insured premises, much less describe how each premises suffered a physical loss or damage.  In other words, "[b]ecause there were no [well pleaded] allegations of physical damage to any nearby property that caused a civil authority to issue its orders, the … complaint did 'not establish the requisite causal link between … the government's closure order." *See Paul Glat MD*, 2021 WL 1210000, at \*6 ; *see also Peanut Wagon Inc.*, Case No. CGC-20-585661, at 3 (RJN, Ex. D) (granting motion for judgment on the pleadings because "[t]here are no ultimate facts pleaded regarding how the presence of the coronavirus in and around plaintiffs' premises physically altered the premises or caused a direct physical loss of property").  The government orders cannot be a "direct physical loss" — they are merely directives, issued on paper or distributed electronically, that prohibit or restrict certain business operations or activities.  *See VStyles Inc. v. Continental Cas. Co.*, Case No. RIC-2003415, at 4 (Superior Ct. of Riverside Cty, Dec. 23, 2020) (Stamen, J.) (RJN, Ex. C) ("In this case, the civil authority arose not out of any physical loss or damage of property but out of a state-wide effort to slow the spread of the COVID-19 virus"); *see also 10E, LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04418-SVW, 2020 U.S. Dist. LEXIS 156827, at \*12-13 (C.D. Cal. Aug. 28, 2020); *George Gordon Enterp. Inc. v. AGCS Marine Ins. Co.*, No. 21STCV02950, at 8 (Los. Angeles Cty. Sup. Ct. Jun. 1, 2021) (RJN, Ex. E)  ("As Plaintiff admits, the barrier to use of its property was the government orders, not a physical change in or to the property itself. And, indeed, under the Interruption of Civil Authority provisions, there must be a physical loss to property"); *Steven Baker and Melania Kang d/b/a Chloe's Café v. Oregon Mut. Ins. Co.*, Case No. 3:20-cv-05467-LB, 2021 WL 24841, at \*2 (N.D. Cal. Jan. 4, 2021) (allegations that the government orders were issued because "the virus was 'causing property loss or damage due to' its attachment to surfaces" "do not plausibly plead a 'direct physical loss of or damage to property… The plaintiffs do not allege (for example) a loss of functionality resulting from infection.").  Indeed, the applicable orders do not even

1   discuss physical damage to property.  (*See e.g.,* Compl. Ex. 2, Resolution Number

2   R-312895 (issued to protect the public from "a very serious public health threat.")

3   Because there has been no "Covered Cause of Loss," the Civil Authority Coverage

4   does not apply.

5          Further, the Civil Authority Coverage only applies where there has been

6   "*damage*" to "property other than [the insured] premises."  (Compl. Ex. 1., Policy

7   at 47.)  Here, although Plaintiffs assert in a conclusory fashion that "COVID-19

8   was present in property and spaces in the area immediately surrounding" thereby

9   purportedly "causing physical damage and physical loss,"  Plaintiffs have failed to

10   allege facts demonstrating that "access to the area immediately surrounding the

11   damaged property [was] prohibited by civil authority as a result of the *damage*."

12   (*Id.* [emphasis added]; Compl. ¶¶ 33-34).  Instead, Plaintiffs plead that "the Orders

13   prevented the business from operating."  (*Id.* ¶ 34.)  But California courts that have

14   considered similar pleadings have rejected Plaintiffs' attempt to meet the physical

15   loss requirement by pleading operating restrictions.  *See e.g. Mudpie, Inc*., 487 F.

16   Supp. 3d at 839-40 (finding that the "surrounding provisions within Travelers's

17   insurance policy suggest that [the insured's] inability to occupy its storefront does

18   not fall within the Business Income and Extra Expense coverage of this policy.");

19   *Seifert*, 495 F. Supp. 3d at 752 (Plaintiff's "business losses were 'not because of the

20   presence of a virus' at the premises.  Instead, the Orders are alleged to be the sole

21   cause of his losses, but governmental action prohibiting the use of property, by

22   itself, is not enough").  Plaintiffs likewise fail to allege facts establishing that the

23   closure orders were issued "due to direct physical loss of or damage to property,

24   other than at the escribed premises." *Mayssami Diamond, Inc.*, 2021 U.S. Dist.

25   LEXIS 63008, at *11.

26          Nor have Plaintiffs alleged that "access to the area immediately surrounding

27   the damaged property [was] prohibited by civil authority *as a result of the*

28   *damage*."  (Compl. Ex. 1., Policy at 47 [emphasis added]); *see Pappy's Barber*

21

Dentons US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
(415) 882 5000

*Shops, Inc. et al. v. Farmers Group, Inc. et al.,* 487 F. Supp. 3d 937, 945 (S.D. Cal. Sep. 11, 2020) ("[T]he civil authority coverage provision only provides coverage to the extent that access to Plaintiff's physical premises is prohibited, and not if Plaintiff's are simply prohibited from operating their business.  The government orders alleged in the complaint prohibit the operation of Plaintiff's business, they do not prohibit access to Plaintiffs' place of business."); *Syufy Enters. v. Home Ins. Co. of Indiana*, 1995 WL 129229, at *2 (N.D. Cal. Sept. 14, 2020) (civil authority coverage not implicated by curfew closures because orders did not "deny access to a Syufy theater" or "prohibit any individual from entering the theater.")

Further, and in any event, the Policy contains an exclusion for any "[d]elay, loss of use or loss of market."  (Compl. Ex. 1., Policy at 48); *see also Mudpie, Inc.* 487 F. Supp. 3d at 842 ("The Court's conclusion [that the alleged COVID-19 related loss is not covered] is further supported by the policy's provision which states that Travelers "will not pay for loss or damage cause by or resulting from … loss of use or loss of market"); *Paul Glat MD*, 2021 WL 1210000, at *7 ("The unequivocal language of the[] exclusion makes it clear that [the insurer] will not pay for … any loss or damage caused by a loss of use").

For all of these reasons, the Policy's Civil Authority Coverage does not apply here as a matter of law.

4.      Business Income And Extra Expense Coverages Do Not Apply.

Finally, Plaintiffs have alleged no facts showing that they suffered a "direct physical loss of or damage to" any insured property, which is a requirement for coverage under the Business Income Coverage or the Extra Expense Coverage.

The Policy's Business Income Coverage provides that Nationwide:

> [W]ill pay for the actual loss of "business income" you sustain due to the necessary suspension of your 'operations' during the 'period of restoration.' *The suspension must be caused by direct physical loss of or damage to property at the described premises.*  The loss or damage must be caused by or result from a Covered Cause of Loss.

22

(Compl. Ex. 1.  Policy at 32.)  (emphasis added).  Similarly, the Extra Expense Coverage states that "Extra Expense means necessary expenses you incur during the 'period of restoration' that you would not have incurred if there had been no *direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss*."  (*Id.*) (emphasis added).

Hence, Plaintiffs must allege facts showing they suffered a "direct physical loss of or damage to property."  As explained above, the pandemic and related governmental orders do not satisfy the "physical loss" requirement.  *See Varel, Inc. v. Hiscox Ins. Co.*, No. 20-9530-DMG, 2021 U.S. Dist. LEXIS 75053, at * 3 (C.D. Cal. Apr. 16, 2021) ("the policy language does not cover business income losses that do not result from physical loss of or damage to insured premises, as opposed to loss of income due to COVID-19 related closures") (citing *Sky Flowers, Inc. v. Hiscox Ins. Co., Inc.*, No 20-05411-ODW, 2021 U.S. Dist. LEXIS 58387 (C.D. Cal. Mar.  26, 2021)); *see also Protégé Rest. Partners LLC*, , 2021 WL 428653, at *3-4; *Flowers Sisters LLC*, 2021 U.S. Dist. LEXIS 97184, at *8; *644 Broadway LLC*, 2021 U.S. Dist. LEXIS 103508, at *8; *Islands Rests., LP*, 2021 WL 1238872, at *3-4; *Pappy's Barber Shops, Inc.*, 487 F. Supp. 3d at 945; *Rose's 1*, 2020 D.C. Super. LEXIS 10 , at *6; *Mortar and Pestle Corp.*, No. 20-cv-0361-MMC, 2020 U.S. Dist. LEXIS 240060, at *10-11 (N.D. Cal. Dec 21, 2020); *Plan Check Downtown III, LLC,* No. 2:20-cv-06954, at 4-7; *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 491 F. Supp. 3d 455, 456 (S.D. Iowa 2020).  Because the Complaint fails to allege any "physical loss of or damage to property" at the insured property, the Business Income Coverage or the Extra Expense Coverage do not apply.

*        *        *

In sum, Plaintiffs fail to allege any facts establishing a basis for coverage under the Policy's express terms.  Accordingly, their contract claim fails as a matter of law and should be dismissed.

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

### B.   Plaintiffs' Claim for Breach of Implied Covenant of <u>Good Faith and Fair Dealing Fails As A Matter Of Law.</u>

Plaintiffs' bad faith claim likewise lacks merit, for several reasons.  First, without a breach of contract, there can be no bad faith liability.  *See Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 36 (1995) (the covenant of good faith and fair dealing is "based upon" the contract and has no existence independent of such contract); *Everett v. State Farm Gen. Ins. Co.*, 162 Cal. App. 4th 649, 663 (2008) ("Because there was no breach of contract, there was no breach of the implied covenant.").

Even if Plaintiffs had a viable breach of contract claim, their bad faith claim must still fail.  To establish bad faith under California law, Plaintiffs must show both that (1) Nationwide has withheld benefits due under the policy, and (2) its reasons for withholding such benefits were unreasonable or without proper cause. *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990).

The second element is the cornerstone of a bad faith claim:  unreasonable conduct, *i.e.,* conduct lacking in a good faith or reasonable foundation.  *Opsal v. United Servs. Auto. Ass'n*, 2 Cal. App. 4th 1197, 1205 (1991) (insurer has liability for bad faith only when "the refusal to pay policy benefits was unreasonable".  "Unreasonable" conduct is not synonymous with mistaken, sloppy or even negligent claims handling.  *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990); *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 350 (2001).  Rather, "bad faith" liability requires conscious misconduct.  *Careau*, 222 Cal. App. 3d at 1395.

Critically, bad faith liability may not be imposed where there exists a genuine issue as to the insurer's liability under California law.  *Chateau Chamberay*, 90 Cal. App. 4th at 346-47 ("denying or delaying the payment of policy benefits due to the existence of a genuine dispute .  .  .  is not .  .  .  bad faith even though it might be liable for breach of contract.").  "A court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine

issue as to the insurer's liability." *Fraley v. Allstate Ins. Co*., 81 Cal. App. 4th 1282, 1292 (2000). "[W]here there is a genuine issue as to the insurer's liability under the policy . . . there can be no bad faith liability imposed on the insurer for advancing its side of the dispute." *Chateau*, at 346-347 (*citing Dalrymple v. United States Auto Ass'n.,* 40 Cal. App. 4th 497, 520 (1995); *Opsal v. United Services Auto. Ass'n.,* 2 Cal. App. 4th 1197, 1205-1206 (1991).

Here, Plaintiffs cannot maintain a claim for breach of the covenant of good faith and fair dealing because Nationwide acted reasonably in disputing coverage as a matter law. The express terms of the Policy bar coverage for loss resulting from a virus. (*See* Compl. Ex. 1., Policy at 41.) Moreover, only loss resulting from "direct physical loss" or "damage" is covered, and Plaintiffs have alleged none. (*See id* at 16). Indeed, as discussed above, a legion of courts have ruled there is no coverage for coronavirus losses as a matter of law. Such rulings confirm that Defendant's coverage position is at least reasonable, if not eminently correct. Accordingly, Plaintiffs' claim for breach of the implied covenant fails, and should be dismissed.

## V. <u>CONCLUSION</u>

As a matter of law, the Policy's express terms do not cover Plaintiffs' alleged economic losses resulting from the coronavirus pandemic. Nationwide respectfully requests that the Court dismiss the Complaint in its entirety.

Dated: July 2, 2021             Respectfully submitted,


                                */s/     Sonia R. Martin*
                                Sonia R.  Martin


                                */s/     Meka Moore*
                                Meka Moore


                                Attorneys for Defendant
                                NATIONWIDE  MUTUAL  INSURANCE
                                COMPANY

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
(415) 882 5000

25