**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILLE FLEURS, a Corporation; and MISTER BERTRAND LLC dba BERTRAND AT MISTER A'S,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, a Corporation; and DOES 1 through 25,<br><br>                                    Defendants. | CASE NO. 21cv1096-LAB-AGS<br><br>**ORDER GRANTING MOTION TO DISMISS [Dkt. 7]** |

On March 11, 2020, The World Health Organization declared that the SARS-CoV-2 virus that causes COVID-19 had spread widely enough that it could be called a pandemic. Within eight days, the City of San Diego, San Diego County, and the State of California issued orders requiring all individuals in those jurisdictions to stay at home except as necessary to engage in essential activities. Patronizing bars and restaurants wasn't considered an essential activity, and over the course of the pandemic, further orders placed varying levels of restriction on those establishments.

Those orders severely affected the business of Mille Fleurs and Bertrand at Mister A's, two San Diego County restaurants owned by Plaintiffs Mille

- 1 -

Fleurs Inc. and Mister Bertrand LLC. They filed claims for those losses with their insurer, Defendant Nationwide Mutual Insurance Company ("Nationwide"), which denied the claims.

Plaintiffs then filed this action in state court, asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Nationwide removed the case to this Court and now moves to dismiss both claims.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss calls for a preliminary evaluation of a party's pleading and tests only whether the pleading provides "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks and citation omitted). The required short and plain statement "does not need detailed factual allegations," only "factual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (internal marks and citations omitted). The Court asks a narrow question: if the pleader were to succeed in proving the pleading's factual allegations and facts reasonably inferred from those allegations, would the defendant be liable? *See Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009); Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

The answer to that question in this case is "no." To the contrary, the facts alleged foreclose the possibility that Nationwide would be liable. The Plaintiffs assert two theories: first, that Nationwide breached the contract of insurance (the "Policy") between it and the Plaintiffs; and second, that the violation was in bad faith. Both claims require Plaintiffs to allege a breach of the Policy. *See Tribeca Companies, LLC v. First American Title Ins. Co.*, 239 Cal. App. 4th

1088, 1109 (2015) (breach of contract claim requires plaintiff to establish defendant's breach); *Everett v. State Farm Gen. Ins. Co.*, 162 Cal. App. 4th 649, 663 (2008) ("Because there was no breach of contract, there was no breach of the implied covenant").

Plaintiffs allege that Nationwide breached the Policy by refusing to cover losses from the presence of COVID-19 in nearby properties, (Compl., Dkt. 1-2, ¶ 33), and from government orders requiring Plaintiffs to: 1) suspend operations temporarily; 2) limit customers' access to their businesses; and 3) "make substantial detrimental physical alterations to their property." (*Id.* ¶¶ 24–31, 34–35). They allege, too, that these orders were issued in response to the COVID-19 pandemic. (*Id.* ¶ 33).

But the Policy contains an exclusion (the "Virus Exclusion") providing that Nationwide "will not pay for loss or damage caused by or resulting from any virus . . . that induces or is capable of inducing physical distress, illness, or disease." (Compl. Ex. 1, Dkt. 1-4 at 17). Plaintiffs argue that this exclusion doesn't apply because causation is lacking: their Complaint "contains no allegations that there was virus on the property," but instead alleges that they "suffered losses as a result of several government orders . . . enacted . . . as a result of the global COVID-19 pandemic." (Dkt. 9 at 17–18).

Losses from such orders are caused by the SARS-CoV-2 virus. After the parties in this case completed briefing on the instant motion, the Ninth Circuit Court of Appeals issued its decision in *Mudpie, Inc. v. Travelers Casualty Ins. Co. of America*, 15 F.4th 885 (2021). In that case, the panel considered whether an identically worded exclusion precluded coverage for losses from government stay-at-home orders issued in connection with the COVID-19 pandemic under California law, concluding that it did. *Id.* at 893–94.

California law looks to "the efficient cause—the one that sets others in motion—[to identify] the cause to which the loss is to be attributed." *Id.* at 894,

*quoting Sabella v. Wisler*, 59 Cal. 2d 21 (1963). Because the stay-at-home order that allegedly caused the losses in *Mudpie* stated that it was issued "as a result of the threat of COVID-19," the Ninth Circuit panel found that the virus was the "efficient cause" of the plaintiff's alleged losses. *Id.* The panel affirmed dismissal of the plaintiff's complaint, finding that the alleged losses were barred by virus exclusion.

Here, the causal chain is the same or even more direct. Plaintiffs allege that the virus caused various government orders, which in turn caused some of their losses. (Compl. ¶ 33). And they allege that their remaining losses were caused by COVID-19's presence on neighboring properties, without any intervening causal steps. (*Id.* ¶ 32). Under *Mudpie*'s binding interpretation of California law, these losses were "caused by or resulting from" COVID-19. The Virus Exclusion takes Plaintiffs' alleged losses outside the Policy, so Nationwide didn't breach the Policy by declining to cover them.

## CONCLUSION

Without a breach, Plaintiffs can't claim breach of contract and they can't claim that the nonexistent breach was in bad faith. The Motion to Dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: March 21, 2022

*[signature]*

**HON. LARRY ALAN BURNS**
United States District Judge